UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERT MORTON,                          )
                                        )
               Plaintiff,               )
                                        )
       v.                               )        Civil Action No.07-751 JR
                                        )
CARLOS M. GUTIERREZ,                    )
Secretary of Commerce,                  )
                                        )
               Defendant.               )

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

       Pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, defendant

hereby moves this Court for an order dismissing this case for failure to provide a short and plain

statement showing that plaintiff is entitled to relief and for failure to state a claim upon which

relief can be granted.  Plaintiff, a retired Department of Commerce employee, failed to file this

case within the time period allowed by law after he received the final agency decision denying

his administrative claim of age discrimination and retaliation.  This untimeliness is apparent

from the face of the complaint.

       In the alternative, defendant moves for summary judgment.  Defendant is submitting a

declaration that demonstrates that the claims made in plaintiff's administrative complaint of age

discrimination and retaliation that is now before the Court are not related to the numerous other

claims that appear to be made in the complaint, claims that probably have been raised by plaintiff

in his ten earlier civil actions against the Department of Commerce and one of his supervisors.  It

follows that these claims are not properly before the Court in this action.  The claims that are

properly before the Court are so trivial that they cannot form the basis of an age discrimination

case or a retaliation case.  Defendant is entitled to judgment as a matter of law as to these claims.

In support of this motion, the Court is referred to the accompanying statement of material facts as to which there is no genuine dispute and to the accompanying memorandum of points and authorities.  A draft order reflecting the requested relief is also attached.

Plaintiff should take notice that any factual assertions contained in the attachments in support of defendants' motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
FRED E. HAYNES, D.C. Bar#165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALBERT MORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.07-751 JR |
| | ) | |
| CARLOS M. GUTIERREZ, | ) | |
| Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Upon consideration of defendant's motion to dismiss or, in the alternative, for summary

judgment and the response thereto, it is this _____ day of _____, 2007,

ORDERED that defendant's motion to dismiss is granted; and it is further

ORDERED that this case is dismissed from the docket of this Court with prejudice.  This

is an appealable, final order.

UNITED STATES DISTRICT JUDGE

Copies to plaintiff, pro se, and
to counsel for defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALBERT MORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.07-751 JR |
| | ) | |
| CARLOS M. GUTIERREZ, | ) | |
| Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff, a retired Department of Commerce employee with a long history of suing his former employer, filed this case on April 24, 2007. As we explain below, the complaint should be dismissed (1) because it does not comply with Fed. R. Civ. P. 8, (2) because it was filed out of time, and (3) because the underlying administrative complaint of age discrimination and retaliation, which is untimely, is very narrow (unlike the broad claims advanced in the complaint) and does not rise to the level of actionable discrimination or retaliation.

A. Failure To Comply With Fed. R. Civ. P. 8.

Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint in this action is forty-one pages long, is very difficult to follow, and does not meet the standard set forth in Rule 8. It discusses events in plaintiff's employment with the Department of Commerce going back to 1989. Most of the events appear to be drawn from plaintiff's earlier litigation with the Department of Commerce: Morton v. Department of Commerce, 87cv01803 (civil rights); Morton v. Department of Commerce, 88cv00441 (civil rights); Morton v. Mosbacher, 91cv00125 (civil rights); Morton v. Brown, 94cv01510 (civil rights); Morton v. Catherine Teti,

99cv00297 (action against supervisor for assault, libel, and slander); <u>Morton v. Evans</u>,

02cv02479 (civil rights); <u>Morton v. Evans</u>, 03cv00197 (civil rights), <u>Morton v. Evans</u>,

03cv00793 (civil rights), and <u>Morton v. Evans</u>, 03cv00794 (civil rights).

B. <u>Failure To File Case Within The Required Time</u>.

      Plaintiff states in the complaint that he received the final agency decision, which was

dated December 4, 2006, on December 16, 2006.  Complaint at 5 (Procedural Background).  He

asserts that the complaint "is being filed timely because I am filing this civil suit in court within

the 90 days allowed the plaintiff based on the date of receipt." The problem for plaintiff, who is

not proceeding in forma pauperis, is that his statement is inaccurate –  his complaint was filed on

April 24, 2007, which is 129 days after he received the notice of the final agency decision.

When federal employees bring a civil action after pursuing administrative remedies under the

Age Discrimination in Employment Act, the action must be brought within 90 days of receipt of

the final agency action, the time period that is also allowed for suits under Title VII, 29 U.S.C.

633a; 29 C.F.R. § 1614.407; 42 U.S.C. 2000e-16(c).[1]

      The issue of the timeliness of the filing of a civil complaint under Title VII, which is

analogous to the Age Discrimination in Employment Act,  was addressed by the Supreme Court

in <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89 (1990).  There, the Court concluded that

the filing deadline is not a jurisdictional bar but is subject to the principle of equitable tolling.

Given the admission by plaintiff in the complaint as to the time of receipt of notice of the final

agency decision, there is no basis, as the record currently stands, for tolling the 90-day period for

---

     [1] Alternatively, a plaintiff filing under the Age Discrimination in Employment Act may
file a complaint in a district court within 180 days of the alleged events, after giving at least 30
days notice to the EEOC.  Plaintiff has not complied with these requirements either.

filing the complaint.

C. <u>The Claims Advanced In Plaintiff's Administrative Claim Are Very Narrow And Meritless.</u>

As noted earlier, the numerous claims that appear to be made in the complaint are claims that probably have been raised by plaintiff in his ten earlier civil actions against the Department of Commerce and one of his supervisors. The narrow claims advanced in the administrative complaint that is now before the Court, by contrast, cannot form the basis of an actionable claim of age discrimination or retaliation.

Attached hereto as Exhibit 1 is a declaration from Paul S. Redpath, a senior equal employment specialist in the Department of Commerce's Office of Civil Rights. He explains that on June 7, 2002, plaintiff filed an administrative complaint of discrimination against the agency, which was given complaint number 02-51-00200. The administrative complaint is Exhibit (Attachment) A to the declaration; it is difficult to follow, but appears to relate to plaintiff's personal property. Exhibit C to the Redpath declaration is a letter to plaintiff giving notice of the acceptance for investigation of his complaint. The letter identified the two issues accepted for investigation: that plaintiff was subjected to discrimination and retaliation when

> 1. On January 24, 2002, he learned that either Vera Whistenton, his second-line supervisor, or Fred Hajmosi, his immediate supervisor, removed personal items from his work space and stored them in the 7[th] Floor Library without his knowledge; and
>
> 2. Personal items such as a credit card, keys, telephone, and camera equipment were missing from his personal effects.

Exhibit D to the Redpath declaration is the May 11, 2005, decision of an administrative judge for the Equal Employment Opportunity Commission dismissing plaintiff's complaint as untimely. In pertinent part, the administrative judge stated:

3

Complainant used two rooms in his office building for seven or eight years. [Citation omitted.] In 1999, he was notified that the rooms were being cleaned out. At the time the rooms were cleaned out, he was given a box containing some of his personal property, but not all. "Fred Hajmosi brought a box of my personal items to me and there were only one bottle of whiskey and a couple of playboy books, the other personal things were never received by me." [Citation omitted.] On January 24, 2002, Complainant was given a second box of personal belongings that had been removed from the rooms. At that time Complainant determined that some of his items were missing, such as a credit card, keys, telephone, and camera equipment [footnote number 1: Vera Whisenton, who helped clean out the rooms, reported that she never say a credit card, keys or a camera. Citation omitted.] Complainant did not explain why he did not notice that any of these items were missing during the more than two years since the rooms were cleaned out, or if he ever asked anyone what became of his property.

Exhibit D (Order of Dismissal) at 2.

Exhibit F to the Redpath declaration is the August 29, 2006, decision by the Equal Employment Opportunity Commission that reversed the dismissal by the administrative judge. The EEOC concluded that the complaint was not untimely in that plaintiff only became aware that some of his personal items had been stored in the library when he was given them in January 2002. Nonetheless, the Commission dismissed the complaint on other grounds: that the conduct alleged did not harm plaintiff (i.e., he did not suffer a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy). The Commission further concluded that there was no valid claim of retaliation, since plaintiff could not show that the alleged incident was reasonably likely to deter him or others from engaging in protected activity. EEOC Decision at 4. Exhibit G to the Redpath declaration is the December 4, 2006, denial of plaintiff's request for reconsideration, a denial that further advised him of his right to file a civil action within 90 days of the denial. It is this document that is referred to in the complaint as

having been received by plaintiff on December 16, 2006.

   The conclusions drawn by the EEOC about plaintiff's claims are supported by the

Supreme Court's decision in <u>Burlington Northern & Santa Fe Railroad Co. V. White</u>, 126 S.Ct.

2405 (2006) (a retaliation claim may encompass conduct that does not rise to an adverse

employment action, i.e., it is broader than the scope of actionable acts of discrimination;

however, a retaliation claim must satisfy a materiality requirement and an objective standard –

would the challenged action dissuade a reasonable employee from engaging in protected

conduct).  The untimely claims advanced by plaintiff cannot form the basis of a civil action for

age discrimination or retaliation.

<div align="center"><u>CONCLUSION</u></div>

   For the reasons set forth above, the complaint should be dismissed.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR, D.C. Bar #498610
                    United States Attorney

                    RUDOLPH CONTRERAS, DC Bar #434122
                    Assistant United States Attorney
                              /s/
                    FRED E. HAYNES, DC Bar #165654
                    Assistant United States Attorney
                    555 4th Street, N.W., Room E-4110
                    Washington, D.C. 20530
                    202.514.7201

<div align="center">5</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALBERT MORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.07-751 JR |
| | ) | |
| CARLOS M. GUTIERREZ, | ) | |
| Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 56.1, defendant submit this statement of material facts as to which there is no genuine issue:

1. In 2002, plaintiff filed a complaint of age discrimination and retaliation relating to his employment by the Department of Commerce. Exhibit (Attachment) A to Exhibit 1 (Redpath declaration) to the memorandum in support of the motion to dismiss or, in the alternative, for summary judgment.

2. Two issues were accepted for investigation: that plaintiff was subjected to discrimination and retaliation when

> 1. On January 24, 2002, he learned that either Vera Whistenton, his second-line supervisor, or Fred Hajmosi, his immediate supervisor, removed personal items from his work space and stored them in the 7th Floor Library without his knowledge; and

> 2. Personal items such as a credit card, keys, telephone, and camera equipment were missing from his personal effects.

Exhibit C to Exhibit 1.

3. Plaintiff used two rooms in his office building for seven or eight years, and in 1999 he was notified that the rooms were being cleaned out. Exhibit D to Exhibit 1.

4.  At the time the rooms were cleaned out, plaintiff was given a box containing some of his personal property, but not all.  "Fred Hajmosi brought a box of my personal items to me and there were only one bottle of whiskey and a couple of playboy books, the other personal things were never received by me."  Id.

5.  On January 24, 2002, plaintiff was given a second box of personal belongings that had been removed from the rooms.  At that time plaintiff determined that some of his items were missing, such as a credit card, keys, telephone, and camera equipment.  Id.

6.  Vera Whisenton, who helped clean out the rooms, reported that she never say a credit card, keys or a camera.  Id..

7.  Plaintiff did not explain why he did not notice that any of these items were missing during the more than two years since the rooms were cleaned out, or if he ever asked anyone what became of his property.  Id.

8.  The EEOC's decision denying plaintiff's request for reconsideration of its dismissal of his administrative complaint of age discrimination and retaliation was issued and mailed to him on December 4, 2006.  Exhibit F to Exhibit 1.

9.  The EEOC's December 4, 2006, final decision was received by plaintiff on December 16, 2006.  Complaint at page 5.

10.  This action was filed on April 24, 2007.  Docket of this Court.

<div style="margin-left:40%">

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

</div>

/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion To Dismiss Or, In The Alternative, For

Summary Judgment was served by first-class mail, postage prepaid, on July 6, 2007, on:

Mr. Albert Morton
1430 W Street, S.E.
Washington, D.C. 20230

/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

## GENERAL DECLARATION OF PAUL S. REDPATH

I, **Paul S. Redpath**, Senior Equal Employment Specialist, Office of Civil Rights, U.S. Department of Commerce, pursuant to 28 U.S.C. Section 1746, hereby declare:

On June 27, 2002, Albert Morton filed a complaint of discrimination against the U.S. Department of Commerce, which was given the Complaint Number 02-51-00200. (Attachment A)  On July 12, 2002, the Office of Civil Rights acknowledged receipt of Mr. Morton's complaint.  (Attachment B)  On October 7, 2002, Mr. Morton's complaint was accepted for investigation.  (Attachment C) Administrative Judge Richard E. Schneider of the Washington Field Office of the Equal Employment Opportunity Commission later issued an "Order of Dismissal" on May 11, 2005, dismissing Mr. Morton's complaint. (Attachment D)  On June 1, 2005, the Office of Civil Rights issued a "Notice of Final Order," adopting Administrative Judge Schneider's "Order of Dismissal." (Attachment E)  On August 29, 2006, the Office of Federal Operations at the Equal Employment Opportunity Commission affirmed the "Notice of Final Order" which implemented Administrative Judge Schneider's decision to dismiss Mr. Morton's complaint, although it did so on other grounds.  (Attachment F)  On December 4, 2006, the Office of Federal Operations at the Equal Employment Opportunity Commission denied Mr. Morton's Request for Reconsideration.  (Attachment G)

I have read the above statement consisting of _ / _ page(s). I declare under the penalties of perjury that my statement is true, correct and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

_Paul S Redpath_
Paul S. Redpath

Executed on: ___6/29/07___

EXHIBIT
1

Form CD-498 (February 1999)     *The Notice was received 6-20-03*     OMB Approval No. 0690-0015

## INFORMATION ABOUT YOU

Name *Albert Morton*

Social Security Number

Address *1430-W M S.E.*

Home Phone (202)

City/State *WASH D.C.*     Zip Code *26020*     Work Phone ( )

## INFORMATION ABOUT YOUR REPRESENTATIVE *will be Name later*

Representative's Name

NOTE: You do not have to have a representative.

Address

Phone ( )

Fax ( )

City/State     Zip Code     Is your representative an attorney? ☑Yes ☐No *Will be one*

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
*O/S*

Did you work for the Department of Commerce at the time ? ☑Yes ☐No  If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).
*Supervisor took a certain Personal Items, goes Back to 10 Dec 199 and put them away, so that Plaintiff could not find them and they never told them # His Personal Items & Supervisor Willfully Disregated complaints Rights with Retaliatory Dispair Treatment*

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☐ Race

☐ National Origin

☐ Color

☑ Age

☐ Religion

☐ Disability

☐ Sex

☑ Retaliation

EXHIBIT
A

*U.S. DEPT. OF COMMERCE OFFICE OF CIVIL RIGHTS*  *RECEIVED 2003 JUL -9 AM 10: 29*

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s). *Retalute*
*15 years Back Pay, $360.000 and Compensates, Punitive Damage & Supervisor Shall be Remove for their willfully, Disregate for complaint Rights*

Did you discuss this(ese) issue(s) with an EEO Counselor? ☑Yes ☑No  Counselor's name? *Bernadette M. Worthy*

Did you file a grievance under a negotiated grievance procedure?  ☐Yes ☑No  Filing date(s)?

Did you file a Merit Systems Protection Board (MSPB) appeal?  ☐Yes ☑No  Filing date(s)? Exhibit **2** Page **1**

*Albert Morton*

SIGN HERE ( OR HAVE YOUR ATTORNEY SIGN FOR YOU)

*6-25-03*

DATE (MONTH/DAY/YEAR)

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

JUL 2 2002

Complainant Name: Albert Morton
Ref.: 02-51-00200
Filing Date: June 27, 2002

MEMORANDUM FOR    ALBERT MORTON

FROM:    Kathryn H. Anderson
Chief, Compliance Division
Office of Civil Rights

SUBJECT:    Acknowledgment of Receipt of Discrimination Complaint

Important information

We received your complaint of discrimination which was filed on June 27, 2002.
Hereafter, that date is the **Filing Date**.

Your complaint has been given the following number: **02-51-00200.** To avoid delays in
processing your complaint, it is very important that you use this number in all
correspondence regarding this complaint, regardless of the person to whom your
correspondence is sent.

If your complaint is accepted, the Department of Commerce will conduct a complete
and fair investigation of your complaint within **180 calendar days** from the **filing date**
unless you and the Department of Commerce agree in writing to extend that period, or
your complaint is amended or consolidated with another active formal complaint. If
your complaint is amended or consolidated, the investigation will be complete within no
more than **360 days** from the first complaint filed. (29 C.F.R. § 1614.106(d)(2)). In
your case, the 180th day is **December 24, 2002.** We will need your cooperation in
order to meet this deadline.

Exhibit ___4___ Page___1___

**EXHIBIT**
B

## Here are your rights

If the 180th day arrives, and you have not received the Report of Investigation with the notice explaining your right to request a hearing, on the 181st day or thereafter, you may request a hearing by an Administrative Judge appointed by the EEOC. (29 C.F.R. § 1614.108(f)). You must file your hearing request with the following District Office of the EEOC:

> District Director
> Washington Field Office
> 1400 L St NW Suite 200
> Washington, DC 20005

You must also send a copy of the hearing request to this office. If you fail to notify this office, that you have requested a hearing, a final agency decision could be issued in the interim.

Alternatively, you may file a civil action in an appropriate U.S. District Court. 29 C.F.R. § 1614.408(b).

If this Office dismisses your complaint, or when we issue a Final Decision or Final Order on the merits of your complaint, you will have the right to appeal the Dismissal, the Final Decision or Final Order to:

> The Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036

You will be told how to file an appeal at the appropriate time.

cc:    Bernadette Worthy, EEO Officer



Exhibit___4___ Page___2___



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

Complaint Number 02-51-00200
Filing Date: June 27, 2002

MEMORANDUM FOR ALBERT MORTON

OCT  7 2002

From:    Kathryn H. Anderson
         Chief, Compliance Division
         Office of Civil Rights

Subject:    Notice of Acceptance for Investigation

**Statement of Claims**

The Department of Commerce has accepted for investigation the following claim
contained in your Equal Employment Opportunity (EEO) complaint of discrimination
referenced above:

> Complainant, an Audiovisual Equipment Operator, WG-3901-10, with the Office
> of Administrative Services (OAS), Office of the Secretary (OS), Washington,
> D.C. (Agency), alleges that based on his age (        1934) and in retaliation
> for engaging in prior EEO activity, he has been subjected to discrimination and
> retaliation when:
>
> 1.    On January 24, 2002, he learned that either Vera Whistenton, his second-
>       line supervisor, or Fred Hajmosi, his immediate supervisor, removed
>       personal items from his work space and stored them in the 7th Floor
>       Library without his knowledge; and
>
> 2.    Personal items such as a credit card, keys, telephone, and camera
>       equipment were missing from his personal effects.

**Your Rights and Responsibilities**

\*    If Complainant believes that the issue(s) in his/her complaint has/have not been
     correctly identified, please notify the Chief, Compliance Division at the address
     shown below, in writing **within 15 calendar days** after receipt of this Notice,
     specifying why Complainant believes that the issue(s) has/have not been
     correctly identified.

EXHIBIT
C
PENGAD-Bayonne, N. J.

Exhibit ____5____ Page ___1___

02-63-00121

*    An investigator will soon contact Complainant or the designated representative, if applicable, to receive Complainant's sworn or affirmed statement and the evidence he/she possesses. Complainant and/or the designated representative will receive a copy of the final Report of Investigation upon its completion.

*    The investigation must be completed by **December 24, 2002**, unless Complainant and the Department agree on an extension. *See* 29 C.F.R. § 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support the complaint, Complainant or the designated representative promptly provide it.

*    A formal complaint may be amended at any time before the investigation is completed. *See* 29 C.F.R. § 1614.106(d). New claims must be like or related to the claims raised in the original complaint. For example, if your original complaint concerns a Performance Improvement Plan, a new claim concerning a subsequent performance rating would be "like or related." A new claim concerning time and attendance would not. If the complaint is amended, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed, whichever comes first. If it is determined that the new claim is not like or related to the original complaint, Complainant will be notified of his/her right to seek EEO counseling.

*    Complainant may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date he/she filed the original complaint. Complainant must file his/her request with the EEOC office specified in the Acknowledgment Memorandum, dated July 22, 2002, and a copy of the request must be provided to this office.

*    If more than one complaint is filed, the Agency is required to consolidate all of the complaints for processing. The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the filing date of the first complaint, whichever comes first.

*    The complaint may be dismissed if Complainant fails to cooperate with the investigation.

*    If the EEO Officer/Counselor informed Complainant or his/her designated representative that Alternative Dispute Resolution, through mediation, is an appropriate option for this complaint, the designated representative, on behalf of Complainant, or Complainant, have a right to choose mediation at any time during the processing of this formal complaint, including during the investigation. *(The DOC EEO Alternative Dispute Resolution: Mediation Guide* identifies the following cases where mediation is inappropriate: cases involving applicants for employment, former employees, alleged violence, egregious harassment, adverse actions, class actions, when authoritative resolution of a matter is

2

Exhibit **5** Page **2**

02-63-00121

required in precedent-setting cases, when the matter in dispute has significant government policy implications, or when it is important to produce a full public record of the proceedings.)

\* Complainant may find mediation to be a faster, more productive, and more rewarding process for resolving this complaint. Mediation, which is designed to cut the time and cost of traditional administrative and legal procedures, relied on the use of a neutral third party to help disputants find mutually acceptable solutions. Consequently, the dispute resolution rate when using mediation is greatly enhanced.

\* To protect Complainant's rights, should Complainant, or his/her designated representative, on behalf of Complainant, elect mediation at this time, we will continue the investigation during the time Complainant, his/her representative, and the Agency are engaged in mediation, to ensure that this complaint is investigated within the time required by EEOC regulations.

\* Complainant has the right to confidentiality of all discussions in mediation; statements made in the mediation session/s may not be used as evidence in a formal complaint.

\* Both Complainant and his/her designated representative have a responsibility to enter into any mediation in good faith, and to contribute creative solutions that might resolve the dispute.

\* Complainant has the right to continue formal complaint processing, including administrative and court action, should he/she wish to discontinue the mediation process or is unable to reach a settlement through mediation.

For your information, I have enclosed an information sheet on EEO Complaint Investigations.

Amendments to formal complaints, copies of hearing requests, and requests for corrections to the statement of claims may be sent to me at:

Kathryn H. Anderson
Chief, Compliance Division
Office of Civil Rights, Room 6012
U.S. Department of Commerce
Washington, D.C. 20230

Exhibit___5___Page 3

02-63-00121

Requests for ADR or for a copy of the *ADR Program Guide* should be addressed to your servicing EEO Officer or:

> Roslyn D. Hoover
> EEO ADR Manager
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D.C. 20230

Exhibit __5__ Page __4__

02-63-00121

## CERTIFICATE OF SERVICE

I attest that a copy of this Notice of Acceptance for Investigation has been sent to the parties listed below:

<u>By Certified Mail:</u>

Albert Morton
1430 W Street, SE
Washington, DC 20020

<u>Other:</u>

Bernadette M. Worthy
EEO Officer, OS

Investigative Team

Complaint File (Tab F)

OCR Chron File

_____
Signature

_____
Date

Exhibit _____ Page _____

5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

|  |  |
|---|---|
| Albert Morton<br>   Complainant, | ) ) ) | EEOC No. 100-2005-00242X |
|  | ) | |
| v. | ) | Agency No. 02-51-00200 |
| Donald L. Evans | ) | |
| Department of Commerce | ) | **MAY 1 1 2005** |
| Agency. | ) | |
|  | ) | |

### ORDER OF DISMISSAL

Notice is hereby given that the above captioned case is DISMISSED pursuant to 29 C.F.R. § 1614.105(a)(1); 107(a)(1), (2); 109(b) (2004). The record before me consisted of the Report of Investigation (ROI), the Agency's *Motion for Dismissal or, In the Alternative, Summary Judgement* ("Motion"), and the Complainant's *Reply to Defendant's Motion for Dismissal, or In the Alternative, Summary Judgment* "(Reply").

The claims accepted by the Agency are as follows:

Complainant, an Audiovisual Equipment Operator, WG-3901-10, with the Office of Administrative Services (OAS), Office of the Secretary (OS), Washington, D.C. (Agency), alleges that based on his age (dob ████████ 1934), and in retaliation for engaging in prior EEO activity, he has been subjected to discrimination and retaliation when:

1. On January 24, 2004, he learned that one of his supervisors removed personal items from his work space and stored them in the 7th floor library without his knowledge; and

2. Personal items such as a credit card, keys, telephone and camera equipment were missing from his personal effects.

ROI, Ex. 5.

I. This Complaint is Untimely

EEOC regulations require that an individual initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105(a)(1).

EXHIBIT
D

Complainant used two rooms in his office building for seven or eight years. ROI, Ex. 8 at 3. In 1999, he was notified that the rooms were being cleaned out. At the time the rooms were cleaned out, he was given a box containing some of his personal property, but not all. "Fred Hajmosi brought a box of my personal items to me and there were only one bottle of whisky and a couple of playboy books, the other personal things were never received by me." ROI, Ex. 14 at 5. On January 24, 2002, Complainant was given a second box of personal belongings that had been removed from the rooms. At that time Complainant determined that some of his items were missing, such as a credit card, keys, telephone, and camera equipment.[1] Complainant did not explain why he did not notice that any of these items were missing during the more than two years since the rooms were cleaned out, or if he ever asked anyone what became of his property.

Complainant has not explained why he waited more than two years to file a complaint over this specific missing property. The Agency raised the matter of timeliness in its *Motion*, but Complainant did not address the question in his *Reply* to the Agency's motion.

Having waited more than two years to bring this matter to the attention of an EEO Counselor, this complaint is untimely and is DISMISSED.

## II. This Complaint Repeats a Previous Complaint

This complaint is also dismissed because it states that same claim that has been decided by the agency, Agency No. 00-51-01790. 29 C.F.R. § 1614.107(a)(1). On May 4, 2000, Complainant sought EEO counseling about the clean-up of the rooms he used, as described above. In his previous complaint, Complainant complained about his missing property. Complainant admitted the overlap of claims when he spoke with the EEO investigator on the second case, who reported, "Albert Morton stated that he did not know why he had been contacted by the investigator regarding his complaint because he raised the same issues in a previous complaint." ROI, Ex. 14.

For the foregoing reasons, this complaint is DISMISSED, and returned to the Agency.

This office will hold the report of investigation and the complaint file for sixty days, during which time the agency may arrange for their retrieval.[2] If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For the Commission:

_Richard E. Schneider_
Richard E. Schneider
Administrative Judge

---

1 Vera Whisenton, who helped clean out the rooms, reported that she never saw a credit card, keys or a camera. ROI, Ex. 9 at 3.

2 Call 202-419-0705 to arrange for retrieval of files.

### *WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

#### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

#### BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

#### BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer and**
**Assistant Secretary for Administration** *OGC*
Washington, D.C. 20230

Albert Morton,                          )
Complainant                             )
                                        )
v.                                      )          Complaint Number: 02-51-00200
                                        )          EEOC Case Number: 100-2005-00242X
Carlos M. Gutierrez, Secretary          )
U.S. Department of Commerce             )

---

## NOTICE OF FINAL ORDER

This is the Department of Commerce's final action in complaint 02-51-00200 filed by

Albert Morton, a former Audiovisual Equipment Operator, with the Office of Administrative

Services, Office of the Secretary, U.S. Department of Commerce (Agency).

### I.    Procedural History

Following completion of the investigation, Complainant exercised his post-investigative options

and requested a hearing before an Equal Employment Opportunity Commission (EEOC)

administrative judge (AJ). The Agency representative filed a Motion for Dismissal or, in the

alternative, Summary Judgment. Complainant responded. After determining that there were no

material facts in dispute, on May 11, 2005, the AJ dismissed the complaint pursuant

Title 29 Code of Federal Regulations (C.F.R.) section (§) 1614.107(a)(1) for being untimely and

stating the same claim previously adjudicated. On May 17, 2005, the AJ's decision was received

in the Department's Office of Civil Rights for final action. As the Department chooses to adopt

the AJ's decision, this Final Order is being issued on or before June 26, 2005, in compliance with

29 C.F.R. § 1614.110(a).



**EXHIBIT**
*E*

02-51-00200

## II.    Statement of Claims Presented for Hearing

Complainant alleges retaliation and discrimination because of his age (DOB: ▇▇▇▇ 1934) when:

1.  On January 24, 2004, he learned that one of his supervisors removed personal items from his work space and stored them in the 7th floor library without his knowledge; and
2.  Personal items such as a credit card, keys, telephone, and camera equipment were missing from his personal belongings.

## III.    Final Decision/Action

After carefully reviewing the entire record in this complaint, we have decided to implement or adopt without modification the decision of the EEOC AJ as it is fully supported by the evidence and follows appropriate case law precedent.

## IV.    Attorney's Fees and/or Costs

The record reflects that an attorney did not represent Complainant during the processing of his complaint. Since Complainant is not a prevailing party, he is not entitled to any attorney's fees or costs.

## V.    Right to Appeal or File a Civil Action

If Complainant is not satisfied with the final action in this complaint, one of the two actions described below may be taken. Either action selected must be taken within the specified time frames.

02-51-00200

1. **Appeal the Final Order to the Equal Employment Opportunity Commission** by submitting the enclosed Notice of Appeal/Petition, EEOC Form 573, to the EEOC, Office of Federal Operations (OFO), using one of the following methods:

> **By Mail:**
>
> Director, Office of Federal Operations
>
> Equal Employment Opportunity Commission
>
> P. O. Box 19848
>
> Washington, D.C. 20036
>
> **By Personal Delivery:**
>
> Director, Office of Federal Operations
>
> Equal Employment Opportunity Commission
>
> 1801 L Street, N.W.
>
> Room 5000
>
> Washington, D.C.  20507
>
> **By Facsimile:**
>
> Facsimile Telephone (202) 663-7022 or (FTS) 989-7022

**Time Frames:**  If an attorney does not represent the Complainant, the appeal must be filed within **30 calendar days** of receipt of this final order.  If an attorney represents the Complainant, then the appeal must be filed within **30 calendar days** of the date **the attorney** received the Final Decision.  *See* 29 C.F.R. § 1614.402(a).

Also, a copy of any appeal submitted must be sent to the Department, at the address cited below, at the same time it is filed with the EEOC, OFO.  Any statement or brief in support of an appeal must be submitted to the Director, OFO, within **30 calendar days** of filing the appeal, and a copy must be provided to the Department at the following address:

02-51-00200

The Office of Civil Rights, Room 6012

U. S. Department of Commerce

Washington, D.C. 20230

## 2. File a civil action in Federal district court.

If a civil action is filed, Complainant must name the appropriate Department or Agency head as the defendant and provide his or her official title. Failure to name the head of the Department or Agency and/or the official title may result in the dismissal of the case. The appropriate Department or Agency is the Department of Commerce. The head of the Department of Commerce is **Carlos M. Gutierrez**, who is the Secretary of Commerce.

**Time Frames:** A civil action must be filed within **90 calendar days** of the date of receipt of the final order if no appeal has been filed. *See* 29 C.F.R. § 1614.408(a). If an appeal is filed, a civil action may be filed within **90 calendar days** after receipt of the EEOC's final decision on the appeal, or after **180 days** from the date of filing an appeal if there has been no final decision by the Commission.

**Right to Request Court Appointment of Counsel:** If Complainant decides to file a civil action, under Title VII or under the Rehabilitation Act, and does not have or cannot afford the services of an attorney, the Complainant may petition the court for appointment of an attorney. In such circumstances as the court may deem just, the court may appoint a lawyer to represent the Complainant and may authorize such services without payment of fees, costs, or other security. The grant or denial of the request for a court appointed attorney is within the sole discretion of the court. Filing a request for an attorney does not extend time limitations for filing a civil action. Both the request and the civil action **must be filed within 90 calendar days of** the date of receipt of the EEOC's decision.

02-51-00200

# CERTIFICATE OF SERVICE

I attest that a copy of this Notice of Final Order has been sent to the parties below:

**By Certified Mail:**

Mr. Albert Morton
1430 "W" Street, S.E.
Washington, DC 20020

**Other:**

Richard E. Schneider, Administrative Judge
Equal Employment Opportunity Commission
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507

Office of General Counsel

Bernadette M. Worthy
EEO Officer, OS

Complaint File (Tab Mc)

OCR Chron File

_____
Signature

JUN   1 2005
_____
Date

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Albert Morton,
Complainant,

v.

Carlos M. Gutierrez,
Secretary,
Department of Commerce,
Agency.

Appeal No. 01A60657

Agency No. 02-51-00200

Hearing No. 100-2005-00242X

<u>DECISION</u>

Complainant filed an appeal with this Commission from the agency's decision dated June 1, 2005, dismissing his complaint of unlawful employment discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

In his complaint, complainant alleged that he was subjected to discrimination on the bases of age (D.O.B. ████/34) and reprisal for prior protected EEO activity under the Age Discrimination in Employment Act of 1967 when, on January 24, 2002, complainant learned, for the first time, that personal items had been removed from his work space by management and stored in the 7th floor library without his knowledge. During counseling, he said that on that date a library employee gave him back a personal medical-related document. He also said that he later retrieved from the library a box containing a number of other personal items.

The agency accepted the complaint for investigation. Following the investigation, complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ issued a Notice of Intent to Issue a Decision without a Hearing on March 7, 2005. On March 21, 2005, the agency filed its Motion for Dismissal or, in the alternative, Summary Judgment. In its motion, the agency indicated that complainant stated the same claim in a prior EEO Complaint, namely Agency No. 00-51-01790. Complainant responded by asserting without support that there were facts in dispute and that the agency's motion for dismissal and/or summary judgment should fail.

EXHIBIT
F

On May 11, 2005, the AJ issued his decision dismissing the complaint. The AJ noted that complainant contacted the EEO Counselor in 2002, some two years after complainant's personal belongings removed from one of two rooms complainant used in 1999. Therefore, the AJ determined that complainant's EEO contact was untimely and should be dismissed pursuant to 29 C.F.R. § 1614.107(a)(2). Further, the AJ determined that the complaint should be dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for stating the same claim as the prior compliant. The AJ indicated that on May 4, 2000, complainant sought EEO counseling regarding the agency's clean up of the two rooms and noted the overlap in his affidavit regarding the instant complaint.

The agency implemented the AJ's decision on June 1, 2005. Complainant received the agency's decision and submitted a "Notice of Final Order" on July 1, 2005 to the Commission's Washington Field Office. The complainant's notice was provided to the AJ. In response to the "Notice," the AJ issued an Order of Dismissal on July 12, 2005. The AJ dismissed the matter because he had previously issued a dismissal on the matter. Complainant submitted a response to the AJ's Order of Dismissal again to the Commission's Washington Field Office. This new document dated August 11, 2005, was forwarded to the Commission's Office of Federal Operations. Upon review, we find that, in his correspondence dated July 1, 2005 and July 12, 2005, complainant challenged the AJ's dismissal dated June 1, 2005. As such, complainant's correspondence has been docketed as an appeal.

EEOC Regulation 29 C.F.R. §1614.105(a)(1) provides that an aggrieved person must initiate contact with an EEO Counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five days of the effective date of the action. EEOC Regulation 29 C.F.R. §1614.105(a)(2) allows the agency or the Commission to extend the time limit if the appellant can establish that appellant was not aware of the time limit, that appellant did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence appellant was prevented by circumstances beyond his control from contacting the EEO Counselor within the time limit, or for other reasons considered sufficient by the agency or Commission.

Upon review, we find that complainant contacted the EEO Counselor in a timely manner. The record indicates that on January 24, 2002, complainant was given some personal medical records from a library employee that had been stored in a box of his personal belongings in the library. Complainant asserts that, until that time, he was unaware that a box of his belongings was in the library. This assertion is supported in the record by a statement made by complainant's supervisor to the EEO Counselor. In that statement, the supervisor stated that she believed that when complainant's work space was cleaned out, that he had been given all his belongings. She said that the boxes stored in the library were those containing items whose owner could not be immediately identified for "future culling." Complainant alleges that he was not aware that some of his items were in these boxes until the library employee gave him

his medical information in January 2002. Complainant contacted the EEO Counselor on February 4, 2002, well within forty-five days. Therefore, we find that the AJ's dismissal for untimeliness was inappropriate.

The regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides that the agency shall dismiss a complaint that states the same claim that is pending before or has been decided by the agency or Commission. It has long been established that "identical" does not mean "similar." The Commission has consistently held that in order for a complaint to be dismissed as identical, the elements of the complaint must be identical to the elements of the prior complaint in time, place, incident, and parties. *See Jackson v. Department of the Air Force*, EEOC Appeal No 01955890 (April 5, 1996) *rev'd on other grounds* EEOC Request No. 05960524 (April 24, 1997). In complainant's prior EEO complaint, he alleged discrimination on the bases of age, disability and reprisal when: (1) he was denied access to a key to the equipment room and limited in his access to and training on use of new equipment; (2) his private telephone line was discontinued and he was denied voice mail; (3) new equipment purchases were substandard and limited his performance on the job; (4) he was falsely accused of unauthorized use of a storage room; and (5) staff was instructed to inform callers that he was no longer employed. *See Morton v. Department of Commerce*, EEOC Appeal No. 01A20501 (December 6, 2002). Upon review, we find that complainant did not allege the same claim as in his prior EEO complaint.[1] Therefore, we find that the AJ's dismissal on that basis was inappropriate.

Nonetheless, we affirm the dismissal, albeit on different grounds. The regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a). The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994). Upon review, we find that complainant has not shown how he was harmed when the agency returned a box of his personal affects to him on January 24, 2002.

Regarding complainant's claim of reprisal, the Commission has stated that adverse actions need not qualify as "ultimate employment actions" or materially affect the terms and conditions of employment to constitute retaliation. *Lindsey v. United States Postal Service*, EEOC Request No. 05980410 (Nov. 4, 1999) (*citing* EEOC Compliance Manual, No. 915.003 (May 20, 1998)). Instead, the statutory retaliation clauses prohibit any adverse treatment that is based upon a retaliatory motive and is reasonably likely to deter the charging party or others

---

[1] We also note that the agency's EEO Counselor made it clear in her report that the claims were not the same.

4                                           01A60657

from engaging in protected activity. *Id.* Complainant has not shown that the alleged incident was such to reasonably likely to deter him or others from engaging in protected activity.

Therefore, we affirm the agency's final action implementing the AJ's decision to dismiss the complaint albeit on other grounds.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency

5                                                        01A60657

head or department head, identifying that person by his or her full name and official title.
Failure to do so may result in the dismissal of your case in court. "Agency" or "department"
means the national organization, and not the local office, facility or department in which you
work. If you file a request to reconsider and also file a civil action, **filing a civil action will
terminate the administrative processing of your complaint.**

### <u>RIGHT TO REQUEST COUNSEL</u> (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an
attorney, you may request that the Court appoint an attorney to represent you and that the
Court permit you to file the action without payment of fees, costs, or other security. *See* Title
VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation
Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is
within the sole discretion of the Court.** Filing a request for an attorney does not extend your
time in which to file a civil action. Both the request and the civil action must be filed within
the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:


*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


   AUG 2 9 2006
_____
Date

6                                                    01A60657

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Albert Morton
1430 W St SE
Washington, DC 20020

Susan J Aramaki, Director
Office of Civil Rights
Department of Commerce
14th & Constitution Ave., NW #6012
Washington, DC 20230

AUG 2 9 2006
_____
Date

_____
Equal Opportunity Assistant



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P. O. Box 19848
### Washington, D.C. 20036

Albert Morton,
Complainant,

v.

Carlos M. Gutierrez,
Secretary,
Department of Commerce,
Agency.

Request No. 0520070097

Appeal No. 01A60657

Agency No. 025100200

## DENIAL

Complainant timely requested reconsideration of the decision in *Albert Morton v. Department of Commerce*, EEOC Appeal No. 01A60657 (August 29, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A60657 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the

EXHIBIT
G

2                                             0520070097

person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

DEC 0 4 2006

Date

3                                              0520070097

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Albert Morton
1430 W St SE
Washington, DC 20020

Susan J Aramaki, Director
Office of Civil Rights
Department of Commerce
14th & Constitution Ave., NW #6012
Washington, DC 20230

DEC 0 4 2006
_____
Date


_____
Equal Opportunity Assistant