UNITED STATES DISTRICT COURT

WASHINGTON, D.C.

RECEIVED

JUL 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ALBERT MORTON,          )
      PLAINTIFF,          )
1430 W Street, S.E.          )
Washington, D.C. 20020          )
(202) 889-4714          )
                )
                )
-V-          )          Civil Action No.: 07-751 JR
                )
                )
CARLOS M. GUITERREZ,          )
SECRETARY OF COMMERCE          )
14TH & Constitution Avenue, N.W.          )
Suite 6012          )
Washington, D.C. 20230          )
                )
      DEFENDANT.          )
                )

## PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS, OR IN THE

## ALTERNATIVE, FOR SUMMARY JUDGMENT

The Plaintiff hereby files this Motion of Opposition to Defendant's Motion to Dismiss, or

Alternative, For Summary Judgment (Motion). Plaintiff is requesting the Court to Uphold the

Plaintiff's Motion of Opposition to Dismiss his Title VII Case. The Plaintiff is further requesting

the Court to Demand the Defendant ANSWER the complaint of the Plaintiff.

The Plaintiff has NOT failed to State a Cause of Action for Which Relief may be granted, nor has

he FAILED to establish subject matter jurisdiction or FAILD to exhaust his administrative

remedies.

The Law of U.S. under which Plaintiff contends the action arises is Title VII of the act of 1964. U.S.C. 200 - Subsection 2000-2 (A) and 2000 5(f) prohibitions discrimination, violated of complainant civil rights.

> **28 U.S.C. § 1331 (the federal question statute):** The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

> *Merrell Dow Pharmaceutical v. Thompson:* Having a federal ingredient in a complaint is not sufficient to support federal jurisdiction. Federal law must give rise to the claim for there to be a federal question, and therefore federal jurisdiction.

Plaintiff, Albert Morton is filing a Civil EEOC case against the defendant, U.S. Department of Commerce and Carlos Gutierrez, Secretary. This EEOC case is being filed due to the fact that the Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was subjected to Age and Race Discrimination and Reprisals for filing former EEOC complaints against the Defendant. Plaintiff brings this complaint under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act of 1967 (ADEA) and the Rehabilitation Act of Title VII prohibits discrimination based on race, color, religion, sex, or national origin against federal employees in executive agencies and the ADEA prohibits age discrimination against federal employees who are 40 years of age or older. 42 U.S.C. § 2000e-16(a) and 29 U.S.C. § 633a (a). EEOC Regulations forbid retaliation against federal employees and applicants who participate in the EEO complaint process. 29 C.F.R. § 1614.101 (b

In support of this motion the Court is referred to the accompanied Statement of material facts as to which there is genuine dispute and accompanying Memorandums of Points and Authorities to support why the Court should Deny the Defendant's Motion to Dismiss, or in Alternative, for Summary Judgment.

## Requirements for Defending Against a Motion for Summary Judgment. A Notice of Warning - This Notice is Required to be Given to You by the Court

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. You must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. The Plaintiff has submitted Exhibits to support his prima facie case as evidence in opposition, to the Defendant's Request for Summary Judgment...

*On this basis, the Plaintiff Respectfully Request the Court to Deny the Defendants' Request to Dismiss Plaintiff's Complaint based on the Summary Judgment Standard pursuant to Rule 12(b) (e) and Rule 56(e).*

Respectfully Submitted,

_____          7/31/07
Albert Morton,                                      Date
1430 W Street, S.E.
Washington, D.C. 20020
(202) 889-4714

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

# PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS, OR

# ALTERNATIVELY TO CONSOLIDATE

## I.    INTRODUCTION

Pursuant to Rules 8a), 12 (b) (1) and 12 (b) (3), 13(i) and 42 (b) of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff, Albert Morton, respectfully moves this Court to DENY the Defendant's Motion to Dismiss, or Alternatively to Consolidate. Plaintiff has outlined and provided evidence of his allegations of the Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 621, et seq. Alternatively, this court would enter a DENIAL of Defendant's Motion to Dismiss, or Alternative for Summary Judgment.

Pursuant to Rules 8a), 12 (b) (1) and 12 (b) (3), 13(i) and 42 (b) of the Federal Rules because there is Genuine Issues as to any Material Fact and the Plaintiff is entitled to RELIEF as a matter of law.

In support of the Plaintiff's Motion to Deny the Plaintiff's Request for Dismissal and Alternative for Summary Judgment, the Court is respectfully referred to the accompanying memorandums of points and authorities and the statement of material facts in dispute. A proposed order consistent with this Motion is also attached hereto. ***Pursuant to Documentary and Evidentiary law,*** **the Plaintiff also request the Court to Review the Complete File and the documents/exhibits submitted with Motions in full and the Court could refuse to accept Defendant's statement of substance of written instruments or of this Interpretation of them or**

of more conclusions of law or re-statement of allegations of pleading thereby
insufficient or Motion for Summary Judgment.  Walling –v–Fiarmont Creameany
1943-F2d 318.

Plaintiff, currently a retired Audio Visual Equipment Operator, WG-10 with the
Office of Administrative Services (OAS), Department of Commerce (Agency) filed
a civil suit in this case on March 15, 2007, alleging "violations of Title VII: Age,
Race, Hostile Work Environment, Disparate Treatment and Americans
Disabilities Act.    The Plaintiff's complaint and answer attached contains
elaborate, factual and substantiated evidence to support his Title VII allegations.
Further, the Plaintiff has proven the prima facie criteria for the Title VII
violations.    The Plaintiff has conclusively proven all alleged violations and
provided court decisions supporting the reason his case was filed timely in
accordance with "Equitable Tolling" guidelines.

The Plaintiff has filed several EEO complaints at the department level and there are several
cases pending before this court.  Each case of discrimination filed is based on events resulting
in Title VII violations.   Contrary to the Defendants' claims that the Plaintiff's cases are
generalized, unsupported allegations of discrimination.   In fact, the Plaintiff has evidence
which was recently provided to him by a fellow employee.   This evidence is inclusive of
written documents provided to management and management employees' own writings
regarding the Plaintiff which will result in a Jury finding in favor of the Plaintiff.   The
evidence the employee just provided to the employee and found in the office of one (l) of the
Managers who subjected me to Title VII violations will without a doubt prove FRAUD which
has been committed by the Management Staff in not be truthful regarding their actions
against the Plaintiff.

*Plaintiff's Response to Defendant's Complaint that the Appeal Should Dismissed for Failure to*

*Timely Appeal Administrative Decision*

Plaintiff received the Final Agency Decision (FAD) on December 16, 2006. The request was timely because I received the agency's Final Decision on December 16, 2006. The Plaintiff filed a civil case in the U.S. Court on March 15, 2007 within the 90 day deadline from receipt of the EEOC decision. The facts support that the plaintiff did file and in accordance with tolling.

Tolling: Limitation periods are not jurisdictional. Zipes v Trans World Airlines, Inc. (S. Ct. 1982). Courts possess the equitable power to allow filings outside the statutory time limits. The courts may toll the statutory period based upon illness, erroneous advice from the EEOC, or ground of basic fairness. Snell v. Suffolk County (2d Cir.1986). In accordance with EEOC Rules 1614-604 Filing and Computation of Time, states a document shall be deemed timely if it is delivered in person or post marked before expiration of the applicable period or in the absence of legible post marked if it is received within five days of the expiration of applicable timely period.

## III. ARGUMENT

Plaintiff's Case Should not Be Dismissed. Plaintiff's Argument to Dismiss Defendant's Motion to Dismiss the Plaintiff case pursuant to Rules 8, 12, and 56.

*A.    :    Federal Rule 8(a) (2) says the pleader should simply provide a short and plain*

statement indicating that the plaintiff is entitled to relief (Rule 8(a)(2)) does not say to plead the facts or a cause of action, just a short and plain statement – it can be a narrative, it can be a stream of consciousness, and it doesn't have to state a cause of action. It just says claim for relief, legally cognizable claim for relief. VERY LOW PLEADING THRESHOLD. In accordance with Rule 8(a) (2), the objective of deterring baseless claims can be achieved by requiring a short and plain statement of the claim and a certification that those pleadings are truthful (Rule 11).

*B:* **Rule 8 (f) – Failure to State a Claim:** The Court asserted that "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The plaintiff's claim stated allegations that the senior managers of the Department of Commerce violated the plaintiff's constitutional due process rights, Title VII and the Rehabilitation Act/ADA. More specific facts were not required by the Rules.

In Conley v Gibson (1957), the Defendant argued that the Plaintiff's claim lacked specific facts sufficient to state a claim which entitled the plaintiff to relief. Majority Reasoning: The Federal Rules do not require the claimant to detail the facts upon which he bases his claim. They only require a "short and plain statement of the claim" that will give fair notice to the D. of the claim and the grounds on which it rests. The Forms in the rules are an example. Any further facts needed to more narrowly define the scope of the claim and the possible defenses can be obtained through pretrial discovery. Rule 8(f) states that all pleadings shall be "construed as to do substantial justice." Thus, their purpose is to facilitate a proper decision on the merits, not to become a decisive trap for the less skilled counsel.

*C:*      ***Rule 12 (b) (1): Lack of Subject Matter Jurisdiction* -**

*D:* Rule 12(b) (e) The Defendant has filed a Motion To Dismiss in accordance with
Federal Rule 12(b) (e). The Plaintiff has provided reasons below why the Defendant's
Motion to Dismiss should be <u>Denied.</u>

When evaluating a motion to dismiss under 12(b) (e), the court takes the well pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor. "Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993). The defendants are entitled to dismissal for failure to state a claim "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Correa-Martinez v. Arrillaga-Belendez, 903 F. 2d 49, 52 (1st Cir. 1990).

In the case, Conley v. Gibson, (1957) issue was raised in accordance to Federal Rule 12(b) (e) of whether a claim for relief is insufficient if it appears that the plaintiff can prove facts in support of the claim which would entitle him to relief, but does not include such facts in the claim. The Court asserted that "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

The plaintiff's claim stated allegations that the senior managers of the Department of Commerce violated the plaintiff's constitutional due process rights, Title VII and the Rehabilitation Act/ADA. More specific facts were not required by the Rules. The Plaintiff's Motions before the court established a prima facie case for each Title VII violation of the Defendant's. The Plaintiff has submitted Exhibits to support his prima facie case as evidence in opposition, to the Defendant's Request for Summary Judgment... The Prima Facie cases proven by Plaintiff is consistent with Rule 56 which requires, "the court to consider the pleadings, related documents, and evidence in a light most favorable to the non-moving party. Adickes v. Kress C Co., 398 U.S. 144 (1970). Summary judgment is appropriate "even in the face of some factual disputes, where the undisputed

facts demonstrate that one party is entitled to judgment as a matter of law..." Eager v. Phillips, 710
Case 1:07-cv-00756-RMC Document 13 Filed 08/10/2017 Page 9 of 13

facts demonstrate that one party is entitled to judgment as a matter of law..." Eager v. Phillips, 710

F.2d 292, 296-97 (7th Cir.), cert. denied, 464 U.S. 918 (1983) (citations omitted). Summary

judgment is inappropriate, however, "if the evidence is such that a reasonable jury could return a

verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).


**Plaintiff's motions and filing have included proof that he has proven his prima facie case:**


## REMEDY:


**The complainant is asking for $300,000 for each Civil Rights Violation under Title VII and a
promotion to Grade 12 and 15 years back pay at the Grade 12 level. In addition, I am
requesting that the personnel who violated my civil rights be removed from their positions
and adverse actions are taken against each one for their civil rights violations. The Plaintiff
has been subjected to Title VII Violations. The Employer's Title VII violations have had the
effect of unreasonably interfering with the employee's work performance and creating an
objectively intimidating, hostile, or offensive work environment.**


**The Plaintiff hereby files *this Motion of Opposition to Defendant's Motion to Dismiss,
or Alternatively to Consolidate (Motion). Plaintiff is requesting the Court to Uphold the
Plaintiff's Motion of Opposition to Dismiss his Title VII Case. The Plaintiff is further
requesting the Court to Demand the Defendant ANSWER the complaint of the Plaintiff.***

_____  7/31/2017

**Albert Morton,**

**Plaintiff**

**1430 W Street, S.E.**

**Washington, D.C. 20020**

***Timely Filing by the Plaintiff:***

***The EEOC Decision dated December 04, 2006 was received by the Plaintiff on December 16, 2006 (See Exhibit).  The plaintiff filed a civil suit on April 24, 2007. Also, the Plaintiff filed on March 15, 2007 and he filed as Pro-Se.  The case was submitted to the Judge for approval for the Pro-Se filing and the Clerk of the Court informed the Plaintiff that the Judge had to make a decision regarding his Pro-Se status.  The case was filed timely based on the filing date of March 15, 2007.  The Judge denied the Pro Se filing status and required the Plaintiff to pay the $350.00 filing fee and the case was re-filed on April 24, 2007.  Hence the plaintiff's filings were timely in accordance to the EEOC guidelines for timely filing and the court's filing guidelines.***

***Federal Rule 8(a) (2)*** *says the pleader should simply provide a short and plain statement indicating that the pleader is entitled to a relief.  Notice Rule 8(a)(2) does not say to plead the facts or a cause of action, just a short and plain statement – it can be a narrative, it can be a stream of consciousness, and it doesn't have to state a cause of action.  It just says claim for relief, legally cognizable claim for relief. VERY LOW PLEADING THRESHOLD. In accordance with Rule 8(a) (2), the objective of deterring baseless claims can be achieved by requiring a short and plain statement of the claim and a certification that those pleadings are truthful (Rule 11).*

*The Plaintiff has outlined in this complaint a prima facie case for each allegation in violation of Title VII.  Plaintiff is filing a Motion to Amend his original filing to file a claim and Prayer for Relief.* The Plaintiff filed an EEOC case due to the fact that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff was subjected to Age and Race Discrimination and Reprisals for filing former EEOC complaints against the Defendant.  Plaintiff brings this complaint under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act of 1967 (ADEA) and the Rehabilitation Act of  Title VII prohibits discrimination based on race, color, religion, sex, or national origin against federal employees in executive agencies and the ADEA prohibits age discrimination against federal

Case 1:07-cv-00630-JDB   Document 42   Filed 03/20/2008   Page 10 of 53

employees and 27-40 years of age or older and 42 U.S.C. § 2000-3(a). EEOC Regulations forbid retaliation against federal employees and applicants who participate in the EEO complaint process. 29 C.F.R. § 1614.101 (b*). The Plaintiff's filing and claims are not trivial and the plaintiff can prove the basis of an age discrimination and retaliation case.*

# *Affidavit*

## Count I:

JURISDICTIONAL

Plaintiff, Albert Morton is filing a civil EEOC case against the defendant, U.S. Department of Commerce and Carlos Gutierrez, Secretary. This EEOC case is being filed due to the fact that the Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was subjected to Age and Race Discrimination and Reprisals for filing former EEOC complaints against the Defendant.


U.S. District Court has jurisdictional over Title VII - Subject Matters 28 - U.S.C. 1331(a). The Law of U.S. under which Plaintiff contends the action arises is Title VII of the act of 1964. U.S.C. 200 - Subsection 2000-2 (A) and 2000 5(f) prohibitions discrimination, violated of complainant civil rights.


## COUNT II: VIOLATION OF TITLE VII – REHABILITATION ACT

Mr. Morton repeats and incorporates by reference the allegations of paragraph 1 - 45 of the Amended Complaint as if they were set forth in full. Defendant, Carlos Gutierrez, Secretary, Defendant, U.S. Department, U.S. Department of Commerce, Agency terminated Mr. Morton's employment on account of his national origin and/or age in violation of his right to equal employment opportunity as protected by the Human Rights Law, §296 et. seq.


Plaintiff has Made a Claim under the Rehabilitation Act and Established a Prima Facie Case:

The Plaintiff is making a claim under the Rehabilitation Act which applies to federal employees. The following regulations are in accordance with the American with Disabilities Act and the Rehabilitation Act. The history of the ADA directed that it should be construed consistent with judicial interpretation of the Rehabilitation Act. The courts do have subject matter jurisdiction in accordance with the Rehabilitation Act where coverage is limited to government employees..... The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefore or other appropriate relief in order to achieve an equitable and appropriate remedy.

(2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

(b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Under the Rehabilitation Act: (1) If you have a disability and are qualified to do a job, the REHABILITATION ACT protects you from job discrimination on the basis of your disability; (2) Under the REHABILITATION ACT, you have a disability if you have a physical or mental

also protects you if you have a history of such a disability, or if an employer believes that you have such a disability, even if you don't.

To be protected under the REHABILITATION ACT, you must have, have a record of, or be regarded as having a substantial, as opposed to a minor, impairment. A substantial impairment is one that significantly limits or restricts a major life activity such as hearing, seeing, speaking, walking, breathing, and performing manual tasks, caring for oneself, learning or working.

If you have a disability, you must also be qualified to perform the essential functions or duties of a job, with or without reasonable accommodation, in order to be protected from job discrimination by the REHABILITATION ACT. This means two things. First, you must satisfy the employer's requirements for the job, such as education, employment experience, skills or licenses. Second, you must be able to perform the essential functions of the job with or without reasonable accommodation. Essential functions are the fundamental job duties that you must be able to perform on your own or with the help of a reasonable accommodation. An employer cannot refuse to hire you because your disability prevents you from performing duties that are not essential to the job.

Reasonable accommodation is any change or adjustment to a job or work environment that permits a qualified applicant or employee with a disability to participate in the job application process, to perform the essential functions of a job, or to enjoy benefits and privileges of employment equal to those enjoyed by employees without disabilities. For example, reasonable accommodation may include: providing or modifying equipment or devices, job restructuring, part-time or modified work schedules, reassignment to a vacant position, adjusting or modifying examinations, training materials, or policies, providing readers and interpreters, and making the workplace readily accessible to

An employer is required to provide a reasonable accommodation to a qualified applicant or employee with a disability unless the employer can show that the accommodation would be an undue hardship -- that is, that it would require significant difficulty or expense.

It is also unlawful for an employer to retaliate against you for asserting your rights under the REHABILITATION ACT. The Act also protects you if you are a victim of discrimination because of your family, business, social or other relationship or association with an individual with a disability.

Once you have been hired and started work, your employer cannot require that you take a medical examination or ask questions about your disability unless they are related to your job and necessary for the conduct of your employer's business. Your employer may conduct voluntary medical examinations that are part of an employee health program, and may provide medical information required by state workers' compensation laws to the agencies that administer such laws.

The results of all medical examinations must be kept confidential, and maintained in separate medical files.

Plaintiff's Response: Plaintiff was discriminated against in violation of the Rehabilitations Act. The Agency violated the plaintiff's constitutional civil rights by (1) requiring to take a medical examination when they were not related to the job and were not necessary for the conduct of the employer's business, (2) the plaintiff's handicapped parking space, (a reasonable accommodation) was taken from him and office space. The separate office space was given to the plaintiff as a EEO Settlement Agreement, and (3) the fact that the agency had a record that the complainant had

a disability and provided reasonable accommodations, Filed 02/22/01 king space and separate

office space where plaintiff controlled the heat controls. Plaintiff's new supervisors (Catherine

Teti and Vera Whistenton) denied the reasonable accommodations by taking away the

complainant's handicapped parking space and moving his out of the designated office space in

accordance with an EEOC settlement outlining that employee would be given his own office space

to accommodate his medical disability. Further, the supervisor violated the Americans with

Disabilities Act because they were not being subject to undue hardship by providing the

complainant with reasonable accommodations which had been provided and part of the agency's

permanent records.

Categories that arise in the employment setting where an individual's innate characteristics such as

race, ethnicity or age, lead to an almost assumed entitlement to coverage, claims arising under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., require an initial inquiry as

to one's protected status. Specifically, entitlement to protection under the ADA requires an initial

determination of whether a person is in fact "disabled" for purposes of the Act.

The statutory definition of "disability," as enacted in 1990, reads as follows:

The term "disability" means with respect to an individual -

(1)     a physical or mental impairment that substantially limits one or more of the major life

activities of such individual;

(2)     a record of such an impairment; or

(3)     being regarded as having such an impairment.

42 U.S.C. § 12102(2). Each of these definitions of "disability" will be discussed below.

In accordance with the definition of "disability" the complainant had a physical impairment that

substantially limited one of major life activities (i.e., walking, lifting and speaking). The

Department of Commerce had a record of such impairment and regarding the complainant as

having... the Department of Commerce recognized the plaintiff's disability and provided reasonable accommodations, separate office space and handicapped parking space. The reasonable accommodations had been approved by former supervisors, Bob Heinemann and Jim Beam for numerous years and the Department of Commerce agreed to provide the complainant separate office space as a settlement for an EEOC claim filed 1982. The Department of Commerce had a record of the complainant's disability and medical records to support the disability which was used to make the determination to provide the reasonable accommodations.

Supervisors, Catherine Teti, Vera Whisenton and Hajimos decided to remove the reasonable accommodations provided to the plaintiff for over fifteen (15) years. The EEOC defines a "physical or mental impairment" as "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine; or ... [a]ny mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness and specific learning disabilities." 29 C.F.R. § 1630.2(h).

The complainant's disabilities meet the "physical or mental impairment" due to the fact that the complainant's suffered speech, neurological and physical impairments. Once impairment is established, the next inquiry is whether that impairment affects a major life activity. The EEOC defines "major life activit[ies]" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(i). This list is exemplary rather than exhaustive. See Bragdon v. Abbott, 524 U.S. 624 (1998).

The agency was aware that the Plaintiff suffered from Vertigo, although this condition was an intermittent impairment the complainant never knew when the condition would flair up. The

Seventh Circuit distinguishes between an intermittent impairment and intermittent impairment
that is a characteristic manifestation of an admitted disability. See EEOC v. Sears, Roebuck &
Co., Nos. 99-3734, 99-4037, 2000 WL 1672612, at *7 n.4 (7th Cir. Nov. 8, 2000) (citing Vande
Zande v. Wisconsin Dep't of Admin., 44 F.3d 538 (7th Cir. 1995)). In Sears, Roebuck &
Company, the plaintiff was diagnosed with neuropathy, which caused her to have trouble walking
long distances or for prolonged periods of time. 2000 WL 1672612, at *1. The defendant argued
that the plaintiff's condition was episodic, as it worsened the longer and farther the plaintiff was
forced to walk, and therefore could not qualify as a disability under the ADA. Id. While the court
agreed that the plaintiff's condition was intermittent, it stated, "[t]hat neuropathy manifests itself in
a predictable yet intermittent pattern does not preclude a finding that one suffering from the
condition can be termed disabled." Id. at *7. The court concluded that the fact that plaintiff's
condition was episodic was not dispositive. Id.

The agency was aware that the Plaintiff suffered from a back injury and that he was restricting in
lifting objects over 50 pounds. Courts have found individuals substantially limited in the major
life activity of working. See, e.g., Burns v. Coca-Cola Enters., Inc., 222 F.3d 247, 253-54 (6th Cir.
2000) (holding that plaintiff who suffered a back injury and was restricted to lifting not more than
twenty-three pounds was disabled under the ADA because his injury precluded him from
performing at least fifty percent of the jobs that he was qualified to perform given his age,
educational background and experience); Webner v. Titan Distrib., Inc., 101 F. Supp. 2d 1215,
1221-22 (N.D. Iowa 2000)

In cases involving the major life activity of working, the individual's age, training, skills, abilities,
education, or work experience can affect the outcome of the case. For instance, in Burns v. Coca-
Cola Enterprises, Inc., 222 F.3d 247 (6th Cir. 2000), the court found that the plaintiff, who suffered
a back injury and was restricted to lifting not more than twenty-three pounds, was disabled under
the ADA because his injury precluded him from performing at least fifty percent of the jobs that he

was qualified to perform given his age, educational background, and work experience. Id. at
253-56.

The agency had a record of the plaintiff's disability and decided to ignore the record, in fact
removed all reasonable accommodations previously provided to the plaintiff. The medical
documentation the plaintiff provided the agency supervisors showed that the defendant was
cognizant of plaintiff's disabilities, as it provided him with accommodations. This action by the
agency is in violation of the Rehabilitation Act.

RECORD OF IMPAIRMENT: Even if one is not currently "disabled" for purposes of the ADA,
the ADA protects individuals who have a "record of such impairment." See 42 U.S.C. § 12102(2)
(B). Having a record of such impairment means that the individual "has a history of, or has been
misclassified as having, a mental or physical impairment that substantially limits one or more
major life activities." 29 C.F.R. § 1630.2(k) (emphasis added).

In view of the fact that the agency provided reasonable accommodations to the plaintiff for fifteen
(15) years, the removal of the reasonable accommodations was discriminatory to the plaintiff.

III.    REGARDED AS DISABLED

The final basis for establishing the existence of a disability under the ADA requires a finding that
one is improperly regarded as having an impairment that substantially limits a major life function.
42 U.S.C § 12102(2) (C). The "regarded as" prong of the ADA's disability definition is intended
to provide a remedy for discrimination based on misperceptions about the abilities of impaired
persons. See Krocka v. City of Chicago, 203 F.3d 507, 513-14 (7th Cir. 2000). The standard for
satisfying the third prong of the definition of disability was set forth by the United States Supreme
Court as follows:

There are two apparent ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual - it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.


Medical Inquiry:

The plaintiff requested a renewal permit for his handicapped parking space and it was denied by his supervisors without reason. The supervisors then requested medical information from the plaintiff which he provided. The supervisors demanded that the complainant submit to a medical examination by a doctor they selected and would not accept my physician's medical documentation substantiating my medical condition and disabilities. Hence, the agency medical physician, Dr. Jones made phone inquiries to my doctors regarding my medical history without written authorization from me which is in violation of ADA. Dr Jones was only allowed and permitted to speak to my doctors after obtaining a release from the employee. I never provided a release to Dr. Jones or my supervisors. In fact, I requested that they provide me with the copy of release with my signature to ascertain the fact that I did not provide permission. In accordance with EEOC guidelines, an employer or their representative can only speak to employee's physician after first obtaining a release from the employee that will permit the doctor to talk to the employer.


In fact, the agency's disability-related inquiry or medical examination of me was not "job-related and consistent with business necessity." This medical inquiry can only be made when an employer has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential job functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition. This was not the case with the Defendant. There was no

issue of incapable of performing the essential job functions or that I posed a direct threat due to my medical conditions. The agency's actions were discriminatory and in violation of the American Disabilities Act.

The Agency violated the Plaintiff's civil rights in accordance with the Americans with Disability Act by not following the regulations for scope and manner of disability-related inquiries and medical examinations. The Agency Supervisors' singled out the employee to make a disability related inquiry when they had medical information substantiating the disability on file. The documentation provided the employer met the documentation requirements: (1) the documentation described the nature, severity, and duration of the employee's impairment, the activity or activities that the impairment limits, and the extent to which the impairment limits the employee's ability to perform the activity or activities; and, (2) substantiated why the requested reasonable accommodation is needed.

The plaintiff provided sufficient documentation to the employer and the employer continued to request additional medical information and even my physician stated these requests harbor on unnecessary harassment. I have not had an employer request all of this information and in violation of medical records and what information is to be released to an employer. EEOC regulations state, "If an employee provides insufficient documentation, the employer may send the employee to an appropriate health care professional of the employer's choosing. But the EEOC points out that, if the employee provides insufficient documentation in response to an employer's initial request, the employer should first give the employee an opportunity to provide the missing information. In addition, the employer should consider consulting with the employee's doctor, after first obtaining a release from the employee that will permit the doctor to talk to the employer.

Scope and Manner of Disability-Related Inquiries and Medical Examinations
In most circumstances, where an employee asks for an accommodation because of a disability, an

employer cannot ask for an employee's complete medical records. Such records are likely to contain information unrelated to the disability at issue and the need for accommodation and an employer is limited to requiring documentation that is sufficient to address the accommodation request. Documentation is sufficient if it: (1) describes the nature, severity, and duration of the employee's impairment, the activity or activities that the impairment limits, and the extent to which the impairment limits the employee's ability to perform the activity or activities; and, (2) substantiates why the requested reasonable accommodation is needed. For example, an employer can ask an employee requesting an accommodation to provide documentation from his treating physician that substantiates that he or she has a disability, confirms that his or her hospitalization is related to his disability, and provides information on how long he or she may be absent from work.

If an employee provides insufficient documentation, the employer may send the employee to an appropriate health care professional of the employer's choosing. But the EEOC points out that, if the employee provides insufficient documentation in response to an employer's initial request, the employer should first give the employee an opportunity to provide the missing information. In addition, the employer should consider consulting with the employee's doctor, after first obtaining a release from the employee that will permit the doctor to talk to the employer. If an employee is examined by the employer's health care professional, the examination must be job-related and consistent with business necessity, and the employer must bear all costs. If an employee is being examined because the employer believes he or she may pose a direct threat, the employer should direct the employee to a health care professional who has expertise in the employee's specific condition and can provide medical information that allows the employer to determine the effects of the condition on the employee's ability to perform his or her job.

"Disability-Related Inquiry"

According to the EEOC, asking about an individual's genetic information may be a disability-related inquiry. Genetic information is defined in the same way as is "protected genetic

information ... in Executive Order 13145. Thus, an employer may not ask an applicant (or an employee, unless the inquiry is job-related and consistent with business necessity) for information about his or her genetic tests, genetic tests of his or her family members, or the occurrence of a disease, medical condition, or disorder in his or her family members.

The Plaintiff is requesting compensatory and punitive damages as well as an injunction to restore him to his prior standing, a handicapped parking space, a separate office which allows him reasonable accommodations due to his neurological disability allowing him to control his own air/heat controls. and in response to his disability, vertigo. Robinson v. Instructional Systems, Inc., 80 F.Supp. 2d 203 (S.D. NY 2000). An award of prejudgment interest on compensatory damages is appropriate when fairness and full compensation to the plaintiff require it to make plaintiff whole. Prejudgment interest applied both to award of backpay and to award for mental anguish. Rubinstein v. Administrators of the Two Lane Educational Fund, 218 F.3d 392 (5th Cir. 2000). Punitive damages are available only if the complaining party demonstrates that the respondent engaged in a discriminatory practice with malice or with reckless indifference to a federally protected right. Barnett v. U.S. Air, Inc., 288 F.3d 1105 (9th Cir. 2000). If an employer fails to participate in or obstructs the interactive process, injunctive relief is an available remedy to insure compliance with the interactive process of a reasonable accommodation.

The Plaintiff has proven a prima facie case for being covered under the Rehabilitation Act, 29 U.S.C.A. §§ 706, 791-794. The Plaintiff has proven a prima facie case for violations of Title VII in the areas of Race, Reprisal Discrimination, Rehabilitation, Disparate Treatment and Hostile Work Environment. Therefore, the Plaintiff respectfully requests the Court to reject the Defendant's position and response that their discriminatory actions were legitimate non-discriminatory actions. The Plaintiff received disparate treatment in comparison to similarly situated employees. The Plaintiff was denied his constitutionally due process rights.

In addition, the plaintiff has proven that there is a "casual connection" between the "act of harm"
and the "protected basis." Finally, the plaintiff was subject to retaliation for Filing or Opposing

Practices - The theory of "retaliation" is used when an employee asserts that he or she is

experiencing reprisal for complaining about discrimination, for opposing practices prohibited by

Title VII of the U.S. Civil Rights Act or the California Fair Employment and Housing Act or for

participating in an EEOC or DFEH investigation. Retaliation complaints may also assert that an

individual is being treated poorly for refusing unwanted sexual advances, or for refusing to

participate in discriminatory conduct. Retaliation investigations compare how an individual was

treated before he/she complained of discrimination or engaged in protected activity. The timing of

the retaliatory act is a crucial piece of evidence. A "causal connection" must be demonstrated

between the "act of harm" and the "charging party's" earlier complaint of discrimination.

Retaliation for reasons other than for filing or opposing practices prohibited by state or federal

anti-discrimination statutes is not a "protected activity."


ALLEGATIONS:

For each allegation of violations of Title VII and the Rehabilitation Acts, the plaintiff has proved a

prima facie case and provided direct evidence by exhibits to prove the allegations he has made as

noted above.


## JURISDICTIONAL & CIVIL PROCEDURES

### *Standard of Review*


### I. Summary Judgment Standard - Rule 12(b) (e)

The court takes the well pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor. "Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993). In the case, Conley v. Gibson, (1957) issue was raised in accordance to Federal Rule 12(b) (e) of whether a claim for relief is insufficient if it appears that the plaintiff can prove facts in support of the claim, which would entitle him to relief, but does not include such facts in the claim.

The Court asserted that "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

The plaintiff's claim st̶a̶ allegations that the senior managers⌣the Department of Commerce violated the plaintiff's constitutional due process rights, Title VII and the Rehabilitation Act/ADA. More specific facts were not required by the Rules.

In Conley v Gibson (1957), the Defendant argued that the Plaintiff's claim lacked specific facts sufficient to state a claim which entitled the plaintiff to relief. Majority Reasoning: The Federal Rules do not require the claimant to detail the facts upon which he bases his claim. They only require a "short and plain statement of the claim" that will give fair notice to the D. of the claim and the grounds on which it rests. The Forms in the rules are an example. Any further facts needed to more narrowly define the scope of the claim and the possible defenses can be obtained through pretrial discovery. Rule 8(f) states that all pleadings shall be "construed as to do substantial justice." Thus, their purpose is to facilitate a proper decision on the merits, not to become a decisive trap for the less skilled counsel.

## II. Summary Judgment Standard - Rule 56

On a Motion for Summary Judgment, Rule 56 requires, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Conclusion:    Plaintiff's **Exhibits** disappeared going back to 1988 from the Department of Commerce's Personnel department. The Plaintiff has been harmed because he cannot produce 15 of the **exhibits**, which would support his case. There is no way a supervisor, Bob Heinemann and Catherine Teti would give the plaintiff parking privileges or reasonable accommodations.

Management is guilty of causing Plaintiff hardship and suffering along with humiliation and violated his ADA laws by not providing him with reasonable accommodations in accordance with Title VII and the American Disabilities Act (ADA).

**In conclusion, the U.S. District Court has jurisdictional over Title VII - Subject Matters 28 - U.S.C. 1331(a). The Law of U.S. under which Plaintiff contends the action arises is Title VII of the act of 1964.    U.S.C. 200 - Subsection 2000-2 (A) and 2000 5(f) prohibitions discrimination, violated of complainant civil rights.**

**28 U.S.C. § 1331 (the federal question statute):** The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

*Merrell Dow Pharmaceutical v. Thompson:* Having a federal ingredient in a complaint is not sufficient to support federal jurisdiction. Federal law must give rise to the claim for there to be a federal question, and therefore federal jurisdiction.

In the case Conley v. Gibson, (1957) issue was raised Filed 07/30/2007 Fed R. Civ P. 12(e) (e) of whether a claim for relief is insufficient if it appears that the plaintiff can prove facts in support of the claim, which would entitle him to relief.  The plaintiff's claim stated and allegations prove that the senior managers of the Department of Commerce violated the plaintiff's constitutional due process rights, Title VII and the Rehabilitation Act/ADA.  More specific facts were not required by the Rules.  The Plaintiff's Motions before the court established a prima facie case for each Title VII violation of the Defendant's. The Plaintiff has submitted **Exhibits** to support his prima facie case as evidence in opposition, to the Defendant's Request for Summary Judgment... The Prima Facie cases proven by Plaintiff is consistent with Rule 56 which requires, "the court to consider the pleadings, related documents, and evidence in a light most favorable to the non-moving party. Adickes v. Kress C Co., 398 U.S. 144 (1970).  Summary judgment is appropriate "even in the face of some factual disputes, where the undisputed facts demonstrate that one party is entitled to judgment as a matter of law..." Esser v. Phillips, 710 F.2d 292, 296-97 (7th Cir.), cert. denied, 464 U.S. 918 (1983) (citations omitted). Summary judgment is inappropriate, however, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

Plaintiff's motions and filing have included proof that he has proven his prima facie case:

## *REMEDY:*

The complainant is asking for $300,000 for each Civil Rights Violation under Title VII and a promotion to Grade 12 and 15 years back pay at the Grade 12 level.  In addition, I am requesting that the personnel who violated my civil rights be removed from their positions and adverse actions are taken against each one for their civil rights violations. The Plaintiff has been subjected to Title VII Violations. The Employer's Title VII violations have had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment.

## I.  Summary Judgment Standard - Rule 12(b) (e)

The Defendant has filed a Motion to Dismiss in accordance with Federal Rule 12(b) (e).  The Plaintiff has provided reasons below why the Defendant's Motion to Dismiss should be Denied.

When evaluating a motion to dismiss under 12(b) (e), the court takes the well pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor. "Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993). The defendants are entitled to dismissal for failure to state a claim "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Correa-Martinez v. Arrillaga-Belendez, 903 F. 2d 49, 52 (1st Cir. 1990).

In the case, Conley v. Gibson, (1957) issue was raised in accordance to Federal Rule 12(b) (e) of whether a claim for relief is insufficient if it appears that the plaintiff can prove facts in support of the claim which would entitle him to relief, but does not include such facts in the claim.

The Court asserted that "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

The plaintiff's claim stated allegations that the senior managers of the Department of Commerce violated the plaintiff's constitutional due process rights, Title VII and the Rehabilitation Act/ADA. More specific facts were not required by the Rules.

In Conley v Gibson (1957), the Defendant argued that the Plaintiff's claim lacked specific facts sufficient to state a claim which entitled the plaintiff to relief. Majority Reasoning: The Federal Rules do not require the claimant to detail the facts upon which he bases his claim. They only require a "short and plain statement of the claim" that will give fair notice to the D. of the claim and the grounds on which it rests. The Forms in the rules are an example. Any further facts needed to more narrowly define the scope of the claim and the possible defenses can be obtained through pretrial discovery. Rule 8(f) states that all pleadings shall be "construed as to do substantial

justice." ... to facilitate ... proper decision on the merits ... to become a decisive trap for the less skilled counsel.

## II. Summary Judgment Standard - Rule 56

On a Motion for Summary Judgment, Rule 56 requires, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the court must consider the pleadings, related documents, and evidence in a light most favorable to the non-moving party. Adickes v. Kress C Co., 398 U.S. 144 (1970).

Summary judgment is appropriate "even in the face of some factual disputes, where the undisputed facts demonstrate that one party is entitled to judgment as a matter of law..." Esser v. Phillips, 710 F.2d 292, 296-97 (7th Cir.), cert. denied, 464 U.S. 918 (1983) (citations omitted). Summary judgment is inappropriate, however, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

Before ruling on a motion for summary judgment filed against a litigant who is not represented by an attorney, the court must advise the litigant of the requirements for opposing a motion for summary judgment. Rand v. Rowland, 154 F.3D 952 (9th Cir. 1998). Therefore, plaintiff is granted 30 additional days to file additional materials or arguments that address the requirements set forth below. The Alpenrose defendants shall have 10 days thereafter to file a supplemental response.

I. Requirements for Defending Against a Motion for Summary Judgment. A Notice of Warning - This Notice is Required to be Given to You by the Court

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. You must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. The Plaintiff has submitted Exhibits to support his prima facie case as evidence in opposition, to the Defendant's Request for Summary Judgment...

On this basis, the Plaintiff Respectfully Request the Court to Deny the Plaintiff's Request to Dismiss Plaintiff's Complaint based on the Summary Judgment Standard pursuant to Rule 12(b) (e) and Rule 56(e).

### III. Summary Judgment Standard - Rule 8(a)(2):

Plaintiff's Response to Defendant's Motion that Plaintiff's Complaint Should be Dismissed Pursuant to Rule 8 of the Federal Rules of Civil Procedure Federal Rule 8(a) (2) says the pleader should simply provide a short and plain statement indicating that the pleader is entitled to a relief. Notice Rule 8(a)(2) does not say to plead the facts or a cause of action, just a short and plain statement – it can be a narrative, it can be a stream of consciousness, and it doesn't have to state a cause of action. It just says claim for relief, legally cognizable claim for relief. VERY LOW PLEADING THRESHOLD. In accordance with Rule 8(a) (2), the objective of deterring baseless claims can be achieved by requiring a short and plain statement of the claim and a certification that those pleadings are truthful (Rule 11).

*Federal Rule 8(a)(2) says the pleader should simply provide a short and plain statement*

*Federal Rule 8(a)(2) says the pleader should simply provide a short and plain statement indicating that the pleader is entitled to a relief. Notice Rule 8(a)(2) does not say to plead the facts or a cause of action, just a short and plain statement – it can be a narrative, it can be a stream of consciousness, and it doesn't have to state a cause of action. It just says claim for relief, legally cognizable claim for relief. VERY LOW PLEADING THRESHOLD. In accordance with Rule 8(a) (2), the objective of deterring baseless claims can be achieved by requiring a short and plain statement of the claim and a certification that those pleadings are truthful (Rule 11).*

In March 2002, Green cited Sutton when he dismissed Cruz's lawsuit without prejudice. In Sutton, the justices held that to survive a motion to dismiss, the complaint must state not only the condition upon which the discrimination is alleged, but also a major life activity which is substantially limited. The Sutton Court also advised that a plaintiff should also state what effect, if any, any mitigating measures such as medication have on his condition. But when Cruz's lawyers filed an amended complaint, the defense lawyers renewed their motion to dismiss, arguing that Cruz had still failed to allege either that he was substantially limited in a major life activity or that he was regarded as disabled.

Now Green has ruled that law has been clarified and that Cruz's bare-bones pleading must go forward. "Because the ADA defines disability as being substantially limited in a major life activity, a reasonable interpretation of plaintiff's barebones averment that he has a disability is that plaintiff is also alleging that he is substantially limited in a major life activity," Green wrote. In his eight-page opinion, Green found that the Supreme Court's decision at the end of last term in Swierkiewicz rejected the argument that employment discrimination lawsuits must contain specific facts establishing a prima facie case of discrimination under the framework set forth in McDonnell Douglas Corp. v. Green.

***Instead, the justices quoted the language of Rule 8(a)(2) and held that an employment discrimination complaint "need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"***

Green found that the justices had underscored that plaintiffs in employment discrimination suits are entitled to pursue claims under a "notice pleading" standard which "relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims."   Applying that standard to Cruz's suit. Green found that Cruz satisfied the requirements of Rule 8(a)(2).

"Plaintiff has alleged that he was denied employment based on his disability in violation of the ADA. Plaintiff has also described the events surrounding the alleged violation and provided the relevant dates," Green wrote.  "Defendant has thus been given fair notice of plaintiff's claim as well as its basis ... . If defendant feels the need for greater specificity or clarity then they may conduct discovery until they are satisfied that all the relevant facts have been brought to light," Green wrote. Similarly, Green found that Cruz had a valid claim that he was "regarded as" disabled.  "Under the ADA, employers are permitted to rely on hiring criteria which prefer some physical characteristics, mental conditions, and limiting impairments over others, but they are prohibited from making hiring decisions 'based on a physical or mental impairment, real or imagined, that is regarded as substantially limiting a major life activity,'" Green wrote.

In the suit, Green noted, Cruz claims that Northwest "perceived plaintiff as being substantially limited in one or more major life activities, such as, by way of example and not limitation, eating and *traveling."*

***The Plaintiff has outlined in this complaint a prima facie case for each allegation in violation of Title VII.***

In Swierkiewicz v. Sorema, N.A., responded in its defense that Swierkiewicz in his lawsuit had "failed to state a prima facie case of discrimination." That is, the employer argued that its former employee had not presented enough facts to allow a jury to find in his favor on his legal claims. Swierkiewicz replied that well-established federal rules and decisions entitled him first to discover facts from his former employer to support his claims and that all he had to do in this stage of the proceedings was state a credible claim. Lower federal courts found that Swierkiewicz' initial complaint was adequate in some respects but not others. For example, the courts ruled that he properly asserted he was covered by the Age Discrimination in Employment Act (ADEA) and Title VII of the 1964 Civil Rights Act, that he had properly alleged facts to support his claim, that he was more qualified than the man who displaced him and that he had articulated a valid factual basis for claiming that he suffered adverse action by his employer. But both the trial and appellate courts concluded that Swierkiewicz did not identify sufficient facts to support an inference of age or national origin discrimination. In its decision, the Supreme Court disagreed, declaring that an employee is required only to present a "short, plain statement" of the grounds for seeking relief against an employer for age or other discrimination on the job. AARP joined a "friend of the court" brief on behalf of Swierkiewicz, prepared by the National Employment Lawyers' Association. While an adverse ruling could have shut the door on many serious employment discrimination claims brought by plaintiffs against defendants who hold all the evidentiary cards, the Court's strong and unanimous ruling for Swierkiewicz reaffirms longstanding practices and principles by which most federal courts have permitted plaintiffs a reasonable opportunity to discover key evidence and bring their case to court.

In this Title VII case, a unanimous Supreme Court offers all federal civil practitioners – not just those representing employees – a well deserved sigh of relief over what constitutes the proper pleading standard in civil cases under Fed. Rule Civ. Proc. (a)(2).

Pursuant to Rules 8, Rule 37521 (b)(1) and 12(b)(6), 13(i) and Rule 42(b), Plaintiff, Albert Morton Pro-Se, respectfully moves this Court to DENY the Defendant's Motion to Dismiss, or Alternatively to Consolidate. Under Rule 12(b) (1), the plaintiff bears the burden of establishing that the court has jurisdiction. *See District of Columbia Retirement Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987). Because subject-matter jurisdiction deals with the power of the court to hear the plaintiff's claim in the first place, a Rule 12(b) (1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. Pursuant to Rules 13(i) and Rule 42(b), a court faced with diverse issues and unrelated claims in a single action is granted the discretion to order a separate trial of one or more cross claims or counterclaims. The purpose of granting such discretion is to avoid confusion and expedite the ongoing trial. Rule 13(i) also allows the court to render a judgment on a counterclaim or a cross claim even when the original claim has been dismissed. However, in order to do so the, the court must have jurisdiction over the counterclaim or cross claim. When such a separate judgment can be rendered is governed by Rule 54(b).

Alternatively, if the Court permits Consolidation, in accordance to Rule 54(b), the suits are not merged into a single action; each action retains its separate character, requiring the entry of a separate judgment for each case.

**Pursuant to Rule 8 – Claim for Relief, the Plaintiff has Demanded Back Pay and $300,000 per Title VII violation. Pursuant to Rules 12 and Contrary to the Defendant's Motion to Dismiss or Alternative for Summary Judgment, the Plaintiff, Albert Morton, Pro-Se, respectfully moves this Court to DENY the Defendant's Motion to Dismiss, or Alternative for Summary Judgment.** The Plaintiff has successfully rebutted Defendant's assertions that there is No Genuine Dispute of material fact that exists, and Plaintiff has successfully established a prima facie case for each of the Title VII violations (Age Discrimination and Americans with Disabilities Act. The Plaintiff has proven a prima facie case for the Defendant's violations of Title

Disabilities Act ("ADA"), 42 U.S.C. 12101, et seq., and the age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. 621, et seq. Plaintiff has proven that Defendant's alleged non-discriminatory reasons were pretext for discrimination. Plaintiff exhausted his administrative remedies on all claims. Each claim should not fail as a matter of law.

Summary judgment or Motion to Dismiss is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of proving that

there is "no genuine issue." Celotex Corp. v. Catrett, 477 .S. 317, 324 (1986). Once that burden has been met, the nonmovant must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" Id. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses" and it should be construed accordingly. Celotex, 477

U.S. at 323-324. In considering a summary judgment motion, a court is to believe "[t]he evidence of the nonmovant . . ., and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. No genuine issue exists unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249.

The Plaintiff's Motion proves that there ARE genuine issues that exist favoring the non-moving party, the plaintiff and the jury would return a verdict for the Plaintiff.

and Alternative for Summary Judgment, currently pending before this Court. A proposed

Order is Consistent with this Motion is Attached.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Morton respectfully requests the Court to enter judgment in his favor and against Defendant, Carlos M. Guiterrez, Secretary, Defendant, U.S. Department, U.S. Department of Commerce, Agency, and to accord him the following relief:

( a )   Back pay with prejudgment interest and all the fringe benefits to which he is entitled;

( b )   Front pay, back pay and benefits to the extent reinstatement is not feasible;

( c )   Compensatory damages for his non-economic injuries in an amount authorized by Title VII and by the Human Rights Law and the City Law;

( d )   Punitive damages to punish and deter Defendant, Carlos M. Guiterrez, Secretary, Defendant, U.S. Department, U.S. Department of Commerce, Agency from future acts of employment discrimination in an amount authorized by Title VII and the City Law;

( e )   Liquidated damages in an amount equal to twice Mr. Albert Morton's back pay losses as authorized by the ADEA;

( f )   An award of reasonable counsel fees and costs to compensate Mr. Morton for having to prosecute this action against Defendant, Carlos M. Guiterrez, Secretary, Defendant, U.S. Department, U.S. Department of Commerce, Agency; and

( g )   Such other legal and equitable relief or may be just and proper under the circumstances.

## JURY DEMAND

Mr. Albert Morton, Plaintiff demands that Defendant, Carlos M. Guiterrez, Secretary, Defendant, U.S. Department, U.S. Department of Commerce, Agency demands a trial by jury on all the issues in this action that are triable by law.

Respectfully Submitted,

_Albert Morton_
Albert Morton
1430 W Street, S.E.
Washington, D.C. 20020
(202) 889-4714

7/31/2007
Date

I, Albert certify that copies were sent by certified mail on Thursday, March 15, 2007:

**Fred E. Haynes, D.C. Bar #165654**
Assistant U.S. Attorney
U.S.Attorney Office
District of Columbia
555 4th Street, NW, Room E-4110
Washington, D.C.  20530
202 514 7201

**Jeffrey A. Taylor**
U.S. Attorney
950 Pennsylvania Ave., N.W.
Washington, D.C.  20001

**Rudolph Contereras**
Assistant United U.S. Attorney
950 Pennsylvania Ave., N.W.
District of Columbia
Washington, D.C.  20001

_Albert Morton_
Albert Morton

1430 W Street, S.E.

Washington, D.C.  20020

(202) 889-4714

_7/31/2007_
Date

| 1 | Albert Morton's EEOC Appeal Docket No.: 100-2005-00242X |
|---|---|
| 2 | Internal Investigation by EEOC Investigator, Burndette Worthington |
| 3 | Notice of Final Order – Perpetration of a Fraud by Management – June 1, 2005 |
| 4 | Vera Whistenton's Action reference cleaning out Plaintiff's Office |
| 5 | Notice of Final Order – May 11, 2005 |
| 6 | Report of Counseling Activity dated August 6, 2002 |
| 7 | Plaintiff's Response to notice of investigation dated March 19, 2004 |
| 8 | Affidavit from Albert Morton, Plaintiff |
| 9 | Response from Plaintiff – Perpetration of a Fraud for Exhibit dated August 6, 2002 |
| 10 | Letter from Dr. Jorge C. Kattah, Associate Professor of Neurology |
| 11 | Testimony of Wednesday Hughes dated March 31,2004 |

# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C.  20507-1002

**ALBERT MORTON,**
**COMPLAINANT**
1430 W Street, S.E.
Washington, D.C.  20020
(202) 889-4714

-V-

EEOC Appeal Docket No.: 100-2005-00242X
Agency No.: 02-51-00200

**CARLOS M. GUTIERREZ,**
**SECRETARY**
**U.S. DEPARTMENT OF COMMERCE**
**DEFENDANT**

---

## ORDER OF DISMISSAL – JULY 12, 2005

1. There is no indication the complainant served her pleading on any one at the agency – not true.  The agency was served (See Exhibit 1 reflects receipt by the EEOC Office with a receipt date of  June 31, 2005).

2. Complaint – July 10, 2005 – Submission does nothing more than resist claim from his first complainant.  Credit card, key, phone, camera was missing items (two years later).  A library, employee discovered a box of complaint. Missing items.  There over 24 items and not like a first complaint (4) items, the perpetration of a fraud for over 3 years.

## Notice of Final Order

1. On January 24, 2004, he learned that one of his supervisors removed personal items from his work stored them on the seven (7) floors, library without his knowledge. (See Exhibit 2)

2. See Exhibit 1 – Notice of Fraud Order – A. Morton v. Carlos M. Guiterrez, Department of Commerce Secretar; Plaintiff may support the judgment by any reasoning from Facts disclosed in the record, no matter when the objection was raised.  Plaintiff must have opportunity to answer, D.jay Staten v. Ryan.



05/23/02 11:30 AM         cc: Wendy M Crawford/HCHB/Osnet@osnet, Susan E
                              Thomas/HCHB/Osnet@osnet
                         Subject: FYI-Morton

Today, Mr. Morton visited me to determine the status of a complaint he had raised with OCR on February 4, 2002. At that time Mr. Morton provided me with a copy of a letter dated January 11, 1994, from his physician. The letter was given to him on January 24, 2002, by a library employee.

Mr. Morton later followed up with his February 4th letter to OCR. After reviewing this correspondence, I believed Mr. Morton was bringing to OCR's attention information related to a complaint he filed previously regarding a denial of accommodation that is currently under appeal with EEOC (97-51-02070). I suggested he include this information with his appeal file. He also said he had raised the issue of his medical information being inappropriately stored with the OIG.

I mistakenly believed that was the conclusion of the February 4th contact with my office. Today, Mr. Morton clarified that he wished to raise a new matter in the process. Namely, that his personal items (sweaters, sports jacket, books, a personal radio and cameras )were removed and placed in an undisclosed storage location without his knowledge, and in retaliation for his prior EEO activity.

I am treating this as a new request for counseling and the contact date placed in Track is February 4, 2002. The case number is 02-51-00200. I am serving as the counselor of record on this case to expedite matters given the delay in getting into the system.

I hope I have addressed this matter to your satisfaction. Please do not hesitate to contact me if you have any questions.

BMW

---

internal EEOC investigation be completed at the Agency level. After receiving the agency decision, I will determine whether to file this EEOC case at the Equal Employment Opportunity Commision.

Thank you in advance for your cooperation and I will be anxiously waiting for the completion of my EEO case at the Agency level and the Agency decision.

Acknowledgement of Receipt:

_Bernadette M. Worthy_                    _6/7/02_
Burndette Worthington                      Date

Exhibit 3    Page 5

## Federal Civil Procedures – Key 2544-229 F2d 867-571

On defendant's application for Summary Judgment, Plaintiff ordinarily has the burden of showing that there are issues. See Exhibit 3: EEOC – 100-2005 – 00242X.

Management withholding of Evidence – 24 Items over 3 years – See Exhibit 2.

Where an adversary withholds evidence in his possession or control that would be likely to support his version of the case for which support is needed, the strongest inferences may be drawn against him, which the opposing evidence in the record. Permatic, Jarratt –v- Madifared 67 app Dis 2d 392- 415 NYS2d 644. (Commission with the holding of evidence, see the Recorder – See Exhibit 2.

Perpetration of a Fraud – August 6, 2002 (See Exhibit 2) for 3 years by Management withholding 24 personal items. Physician Letter about his medical conditions. Management violated my privacy. They withheld 25 or more plaintiff items that were not give to plaintiff.

June 13, 2002 – Plaintiff contacted EEO to seeking the EEO Process for a Right to file a formal complaint.

## There are Material Facts in Dispute – See Exhibit 4

Plaintiff has outlined and provided evidence of allegations of the Defendant's Violation of Title VII of the Civil Right of 1964, amended 42 U.S.C. 621 et seq. Alternative court would enter Summary Judgment for the Plaintiff Pursuant to Rule 8(a) 8 (f). 12 (b) (e) and (5b) of Federal Rule because there are genuine issues as to material fare and the plaintiff is entitled to Summary Judgment as a Matter of Law. See Exhibit – Admission of Fact and genuineness.

Documents to correct manifest to newly discovered evidence. Lyons v. Jefferson Bank and Trust O. colo 1992 – 793 F. Supp. 199.

## Notice of Final Order – 100 2005 – 00242X - June 1, 2005

## Perpetration of a Fraud by Management

The Administrative Judge's Statement Personal Items Search a Credit Card, keys, telephone and camera equipment were missing from personal belonging. But, there was 24 new items that were newly discovered as substantiated by the administrative judge gave first of the story showings. There are material facts in dispute. The new Discover Evidence was not June 1, 2005 was not apart of this first complaint. See Exhibit 2 which refers to 24 newly discovered items. The agency did fact tell the true and cannot take statements. Items out of Context. The first complaint did not state how many items were lost because items were put in the trash by Management Staff. Plaintiff could not go to his office spaces/rooms, B828 and B-896. Management would call Security on him. Management violated Civil

2

Attn, Mrs. Andrea Bynum – In your notice of investigation, you only note for (4) items missing that were not given to complaint. I refer you to the memorandum for Albert Morton – dated June 18, 2002 from B. M. Worthy. I would classify there were 24 items missing that were not given to the complainant. Plaintiff may support the judgment by any fact in the disclosed record no matter where the objections were raised – Dejay State –v- Ryan – 229 F2d 867-871. – *Exhot – 4*

## Order of Dismissal – May 11, 2005

On January 24, 2004, Plaintiff lessons that management stored them in the 7th floor library without his knowledge and a library employee contacted plaintiff, the found a box that contained my personal items, numerous items was not returned for two (2) years. Later, Ms. Whistenton returned to me a box with seven (7) items. Numerous items which were not returned to plaintiff: sweater, sport jacket, 20 books, personal radio that were found by a library employer. There was a letter from my doctor to agency about conditions management and staff and Dr. Jones violated my privacy. The staff made false statement in response to EEOC inquiries (See Exhibit 5). Management has perpetrated a Fraud over three (3) years. See newly discovered evidence - Layne –v- Jefferson Bank & Trust – 1992 -793 Flipp 989. These are material facts in dispute.

## *Vera Whistenton*

*Ms. Whistenton helped clean out plaintiff's rooms, and reported that she never moved a credit card, keys or a camera – See Exhibit. 6, Plaintiff saw Ms. Whisenton and Catherine Teti and Paul McGoldrich putting equipment and plaintiff's personal items in the trash. Management staff (Whistenton and Teti) told me I could not take any of the items out of the trash which belonged to me including my personal items. They called Security on Plaintiff (see Exhibit 4). Management violated my rights under Title VII in which management withheld evidence, his possessions and evidence that would support his version of the case. Management's actions' support that the strange inferences may be drawn against him, which the opposing evidence in the record permits. Jernett –v- Madyare, Dept 67 app Did 2d 396, 415 NY 2d 644, Anderson 477 U.S. at 250.*

## *Order of Dismissal – May 11, 2005*

*1. EEOC regulations require that individual contact with an EEO Counselor within 45 days of the alleged allegation to be discriminatory, 29. C.F.R. 1614.105 (a) (1). See Exhibit – A. Morton contacted EEO Counseling concerns of workplace retaliation – February 4, 2002. See Exhibit 1. Plaintiff was timely – B.M. Worthy, EEO Statement. I am treating this as a new request for counseling and the contact date, placed in track is February 4, 1001. The case number is 02-51-00200; I was serving as the Counselor of Record to expedite matters given the delay in getting in the system. I hope I have*

3

Brian DiGiu...

of Record to expedite matters given the delay in getting in the system. I hope I have addressed this matter to your satisfaction, 02-51-00200 – Proof that Plaintiff did file complaint timely.

Case 1:07-cv-00055-DAR Document 5-2 Filed 07/30/2007 Page 6 of 13

## Notice of Final Order – May 11, 2005

There is no indication that complaint served his pleading on anyone at the agency. This is a False Statement – See Exhibit 1. Receipt of Service by the Dept. of Commerce EEO Office dated June 31, 2005, U.S. Department of Commerce, Office of Civil Rights, the EEO Officer – 2005, June 31, address: 1400 Constitution Ave., N.W., Washington, D.C.

For over two (2) years, Management withheld complainant's items and evidence that they had in their possession. 67 app. Dis. 2d 392 415 – NY 2d 644. See Exhibit 5.

See Exhibit Statement - There are over 24 items not given to complainant. The complainant repeats a previous complaint, agency no. 00=51-017900-J1614 107 (a) (1).

## 1999 EEO Statement

He waited more than two (2) years to bring the matter to the EEO Counselor. NOT TRUE – See Exhibit 8. This information was withheld from Mr. Morton for over two (2) years. Management was aware of the Conspiracy with the knowledge of Intent of doing some act to further the conspiracy. Management should be held liable. U.S. W Waking 16-166-33. Memorandum from Bernadette Worthy, "I wan to clarify that there was over 24 items missing. They were not given to complainant. Management withheld his items and copies were given to EEO Counselor and IG of Ms. Worthy's statement. If I went to B828 or Room 896, Management called Security to bar me from these rooms, my pervious workspace. See Exhibit 2. Managements' actions continue to violate my rights under Title VII and I was singled out and treated disparately and placed in a hostile work environment in violation of Title VIII. This is the only reason the Complainant may have taken not been as expeditious in filing the complaint in view of the Conspiracy committed by Management staff. Management's actions substantiates that they purposely Perpetrated a Fraud for over three (3) years and information was withheld intentionally from Complainant. Evidence withheld aversely affected the filing of the EEO complainant by the Complainant. Jevdatt –v- Madefaul 67 app Dir 2d 396, 415 NY F2d 644.

The record by R. E> Schneider, Administrative Judge must be reviewed to substantiate the Complainants' claim for the violation of his rights under Title VII.

4

August 6, 2002

MEMORANDUM FOR   Kathryn H. Anderson
                 Chief, Compliance Division
                 Office of Civil Rights

FROM:            Bernadette M. Worthy
                 Equal Employment Opportunity Officer

SUBJECT:         Report of Counseling Activity
                 **Albert Morton**
                 **02-51-00200**

The following is the Equal Employment Opportunity (EEO) counseling report and related information for the formal complaint of age discrimination and retaliation filed by Albert Morton, an employee of the Office of Administrative Services (OAS), Office of the Secretary (O/S).

A.    INFORMATION ABOUT COMPLAINANT

   ADDRESS:    1430 W M Street, SE
               Washington, D.C. 20020

B.    INFORMATION ABOUT COMPLAINT

   INITIAL CONTACT:            02/04/02
   RIGHTS & RESPONSIBILITIES:  06/13/02 (TAB A, pp. 3-4)
   RIGHT TO FILE ISSUED:       06/13/02  (See, TAB A, p. 1)
   RIGHT TO FILE REC'D:        Unknown ( Certified mail return receipt not received to date)
   COMPLAINT FILED:            06/27/02

C.    BACKGROUND

On February 4, 2002, Mr. Morton contacted me with his concerns of workplace retaliation. He provided me with a copy of a letter dated January 11, 1994. (See, TAB B, p. 5) The letter was provided to him on January 24, 2002, by a library employee. Mr. Morton also provided me with a letter dated February 4, 2002 to the Office of Civil Rights (OCR) . (See, TAB B, pp. 3-4) After our meeting and reviewing this correspondence, I mistakenly believed Mr. Morton was bringing to OCR's attention information related to Case Number 97-51-02070[1]. I suggested he include January 11, 1994 letter with his appeal file with the EEOC. I believed that to be the conclusion of Mr. Morton's February 4th contact with me.

However, on May 23, 2002, Mr. Morton contacted me to follow-up on his February 4th letter, which he indicated was a request to initiate the EEO process on the following matters:

   1.   on January 24, 2002, he learned that personal items were taken out of his work space and stored in the 7th Floor Library without his knowledge. He noted that a Library employee brought to him a January 1994 letter from his physician to the agency about his medical conditions. In addition, he later retrieved a box containing three of his sweaters, a sports jacket, 20 or more books and his personal radio;

---

[1] Case Number 97-51-02070 alleged denial of accommodation and was appealed to the Equal Employment Opportunity Commission(EEOC)

Page 2

Exhibit ~~5~~ 5    Page 2

2.      he also learned that a credit card, keys, telephone and personal camera equipment were missing from the personal items in this box.

**D.    Requested Remedies**

In the informal process, Mr. Morton requested the return of his personal items, Promotion to GS-12, 12 years of back pay and $300,000 compensatory damages and attorney's fees.

**E.    Agency Response**

On May 23, I contacted Vera Whistenton, Mr. Morton's second line supervisor with his concerns. The information Ms. Whistenton provided is included at TAB C, p. 1.

On June 7, 2002, I met with Mr. Morton and provided him the response received from Ms. Whistenton. He requested that I look into the matter further. (See, TAB B, p. 2)  On June 11, 2002, I contacted Fred Hajmosi, Mr. Morton's immediate supervisor. Mr. Hajmosi's response is also summarized at TAB B, p.1.

On June 13, 2002, I provided Mr. Morton with a written summary of the information received and terminated the informal EEO complaint process.  Mr. Morton was issued a Notice of Right to File a Formal Complaint of Discrimination, via certified mail.  The instant complaint was filed with OCR on June 27, 2002.

**F.    LIST OF ATTACHMENTS**

| ATTACHMENT | DESCRIPTION | SOURCE |
|---|---|---|
| TAB A | Counseling Notices<br>Notice of Right to File<br>Notice of Rights & Responsibilities | Counselor |
| TAB B | Allegations and Remedies | Counselee & Counselor |
| TAB C | Agency Contact & Response | Counselor |


PAGE OF 2
Exhibit 1

March 19, 2004

RECEIVED

2004 MAR 19  AM 10: 55

DEPT. OF COMMERCE
OFFICE OF CIVIL RIGHTS

Department of Commerce
Office of Civil Rights
17th & Constitution Avenue, N.W.
Washington, D.C.  20004

Attn:  Ms. Andrea Bynum

This is my official response to your notice of investigation for my EEO case that I received
on March 10, 2004 that was post marked March 8, 2004.  In your notice of investigation, you
only note four (4) items that were missing.  I refer you to the Memorandum for Albert
Morton dated June 18, 2002 from B.M. Worthy.   I would like to clarify that there were 24
items missing that were not given to the complainant.

My former supervisor, Ms. Whisenton did not inform me of a pending move, nor allowed me
to move any of my personal effects from my office space.  As a result, Ms. Whisenton
violated my privacy and the privacy act.  Ms. Whisenton had my personal items moved to the
Library and continuously stated that she did not remove items from my office, then she
changed her story and stated that I did not tag the items as personal and later said she did not
know the items in the room were mine.  The box of my personal items was discovered by a
library employee.  The library employee contacted me and advised me she had found a box
with my personal effects.  Upon my review of the items in the box in the library, I discovered
a letter from my physician to the agency outlining my medical condition upon which I was
given ADA accommodations.   In addition, this letter proves that Dr. Jones and my
supervisors contacted my physician without my written authorization to release information
regarding my medical history which confirms that my privacy was violated.

Further, the actions of Dr. Jones, Ms. Teti and Ms. Whisenton confirm that they all
perpetrated a fraud for over three (3) years.  Ms. Teti and Ms. Whisenton removed my ADEA
accommodations claiming that the reason they did was that my physician never provided
them documentation to substantiate my medical condition.  Ms. Whisenton was the Director
of the Library during the period and she would be the only one who could have directed the
library staff to store my personal documents in addition to the information that they received
from my medical physician in the library.  The Department of Commerce management staff
(Ms. Whisenton and Ms. Teti) has continued to violate my rights under Title VII by not
providing me Reasonable Accommodations and removing reasonable accommodations
provided to me as a result of an EEO Settlement in September 1992.  I was singled out and
treated disparately and placed in a hostile work environment in violation of Title VII.   In
conclusion, I refer you to Exhibits 1, 2, 3, and 4.


_Albert Morton_                              _3-19-04_
Albert Morton                                  Date
Complainant
1430 W Street, S.E.
Washington, D.C.  20002
(202) 889-4717


Exhibit____8____Page____5____

I was given permission t    tilize rooms B828 and B896 by Ha    d Bradley, my former supervisor. I used these rooms for about 7 or 8 years. I did have supervisory approval to use the rooms. That is the only way I could've obtained access to them. At the time I was the only Audiovisual expert in the building. In fact, I put the Audiovisual program together for the Department of Commerce. I personally went out and obtained equipment from the different Bureaus to use for our program. I obtained permission from Bill Cheney. I believe he is currently working at Fort Belvoir.

In 1999, Catherine Teti, sent me an e-mail. The e-mail informed me that I was not permitted to come to the rooms because they were being cleaned out. I went down and I found them taking videotapes and putting them in trash tubs.

I am aware that Fred Hajmosi stated that the rooms needed to be cleaned because there were mushrooms growing out of the carpet. I am sure he was unaware that there had been a flood and water leaked into the room. The water was about a foot high and the carpet was soaking wet.

Sometime In 2002, I was given a box of my personal belongings from a Library Assistant. At this time, I became aware of the fact that some of my items were missing such as, credit card, keys, telephone, and camera equipment (**specifics to be provided by complainant**). A note from my physician was inclu    in th

Case 1:07-cv-00751-JR    Document 8-3    Filed 10/09/2007    Page 46 of 19

## Perpetration of a Fraud, See Exhibit dated August 06, 02

Catherine Teti and Vera Whistenton, Fred Hajmosi disposed of and held Complainant's personnel items. They ordered staff to remove the Complainant's personnel items from his former work space. They stored these items in the library without Complainant's knowledge for more than two (2) years. When I requested Ms. Whisenton return to me my personnel items, she returned 7-8 items. Numerous items were not returned such as: three (3) sweaters, sports jacket, 20+ books, personal radio, a credit card, keys and some camera equipment were missing from personnel items removed from the office.

The missing items were discovered by a Library employee. She contacted me and informed me that she had found a box with numerous items belonging to me. I inspected the box and discovered that it contained my personnel items, the specific items I had requested from Ms. Vera Whisenton that were removed from my office and her request. Also, I discovered in this box a letter from my physician to the agency about my medical condition which depicts the fact that the management staff and Dr. Jones violated my privacy and the privacy act. The staff made false statements in response to EEOC inquiries, which is a violation of the U.S. Code, Tab. 18, Section 100-111.

Management has perpetrated a fraud over three (3) years. Vera Whisenton is guilty of this because she is Director of the Library and she directed the staff to remove my personnel items and store them in the library. She had to be aware that these items had been moved especially since they were moved at her direction.

(1)

Exhibit ___ Page ___

**GEORGETOWN UNIVERSITY MEDICAL CENTER**

**Department of Neurology**
Jorge C. Kattah, MD
*Associate Professor*

January 11, 1994

To Whom It May Concern,

This is to certify that Mr. Albert Morton has limitation of his ability to ambulate and will benefit from a parking space located near his work. The current parking spot is too far and represents a major hurdle. Since his condition is long term, I have advised him to request a more convenient spot for the future.

Thank you for your attention in this matter. If there is any question, do not hesitate to contact me.

Sincerely,

Jorge C. Kattah, M.D.
Associate Professor of Neurology
and Ophthalmology

Exhibit **3** Page **8**

March 31, 2004

INVESTIGATOR'S MEMORANDUM

FROM:                    Andrea Bynum
                         EEO Investigator
                         Office of Civil Rights

SUBJECT:                 Testimony of Wednesday Hughes

Albert Morton identified Wednesday Hughes as the Library Employee who discovered his missing items on January 24, 2002.

On March 31, 2004, I met with Ms. Hughes to discuss the facts of Mr. Morton's complaint. She stated that she contacted Mr. Morton to inform him that she discovered boxes of items belonging to him. She claims that Mr. Morton did not come to the Library to retrieve the items. She indicated that the items were still available if Mr. Morton wanted to claim them. She claims she did not know who placed the boxes on the shelves.

I walked with Ms. Hughes to the Library located on the 7th floor of the Department of Commerce. I inspected some boxes located on aisles 21 and 22. The boxes contained numerous items such as; books, papers, a radio, and audio-visual equipment. I noted that some of the papers had Mr. Morton's name on them. The items are still available for Mr. Morton's inspection.

EEO Investigator
Office of Civil Rights
Department of Commerce

Exhibit _____ Page 2

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALBERT MORTON,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| | ) | |
| **-V-** | ) | **Civil Action No.: 07-751 JR** |
| | ) | |
| | ) | |
| **CARLOS M. GUITERREZ,** | ) | |
| **SECRETARY OF COMMERCE** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

UPON CONSIDERATION OF Plaintiff's Motion Of Opposition to Dismiss Defendant's Motion to Dismiss or Alternative for Summary Judgment, the grounds stated therefore, any opposition thereto, and the entire record, it is on this _____day of _____ 200___ hereby

ORDERED that Plaintiff's motion should be and hereby is GRANTED; and it FURTHER ORDERED that Defendant's Motion to DISMISS and Alternatively to Consolidate is DISMISSED with PREJUDICE.  Plaintiff DID file his EEOC appeal timely and the Plaintiff can amend his Complaint within 30 days to reflect the allegation of Americans with Disabilities Act claim and submit a Prayer for Relief.

_____

**United States District Judge**

I, Albert certify that copies were sent by certified mail on Monday, July 31, 2007:

**Fred E. Haynes, D.C. Bar #165654**
Assistant U.S. Attorney
U.S. Attorney Office
District of Columbia
555 4th Street, NW, Room E-4110
Washington, D.C. 20530
202 514 7201

**Jeffrey A. Taylor**
U.S. Attorney
950 Pennsylvania Ave., N.W.
Washington, D.C. 20001

**Rudolph Contereras**
Assistant United U.S. Attorney
950 Pennsylvania Ave., N.W.
District of Columbia
Washington, D.C. 20001

_____
Albert Morton,

1430 W Street, S.E.

Washington, D.C. 20020

(202) 889-4714

_____
7/31/2007
Date