UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT MORTON, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>CARLOS M. GUTIERREZ, )<br>Secretary of Commerce, )<br>)<br>      Defendant. ) | Civil Action No.07-751 JR |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Defendant's motion to dismiss or, in the alternative, for summary judgment argued that the complaint should be dismissed (1) because it does not comply with Fed. R. Civ. P. 8, (2) because it was filed out of time, and (3) because the underlying administrative complaint of age discrimination and retaliation is very narrow (unlike the broad claims advanced in the complaint) and does not rise to the level of actionable discrimination or retaliation.

    Plaintiff's response to defendant's motion is difficult to follow; however, to the extent that plaintiff argues the Rule 8 issue, it appears to be on the basis that there is a very low threshold that a complaint must meet to survive a Rule 8 challenge. Plaintiff repeatedly cites Conley v. Gibson, 355 U.S. 41, for support, but plaintiff must not be aware that the Conley decision was recently abrogated by the Supreme Court in Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955 (May 21, 2007). In any event, plaintiff fails to provide a persuasive response to defendant's motion as it relates to the Rule 8 problem – that the complaint is forty-one pages long, is very difficult to follow, and discusses events in plaintiff's employment with the Department of Commerce going back to 1989, events that appear to be drawn from plaintiff's nine earlier cases involving his employment with the Department of Commerce.

The second argument made by defendant was that the complaint was not filed within the ninety-day time period set by statute for filing a case after a final agency decision is mailed to the claimant. Defendant argued that the complaint was filed on April 24, 2007, and was clearly untimely. Undersigned counsel (Fred E. Haynes) made this argument based on information that he had received several months earlier that the paper copies of complaints are discarded under the electronic docketing system after they are scanned into the system; in other words, that everything relating to the case would be in the electronic docket. After receiving plaintiff's opposition, undersigned counsel went to the Clerk's Office to double check this, and he learned that what he thought was the process was accurate, with one exception that is relevant to this case. The exception is for cases where the plaintiff requests to proceed in forma pauperis but the Court denies the request. In this limited group of cases, the original paper complaint is maintained. Upon examining the paper complaint, undersigned determined that plaintiff appeared to have first sought to file it on March 15, 2007, but that filing was rejected. See Exhibit A hereto, the first page of the filed paper complaint. Plaintiff then left and returned on March 26, 2007, and then filed the complaint, apparently with the motion for leave to proceed in forma pauperis.

March 26, 2007, was the last day of the allowed time to file the case, if one assumes that plaintiff received it on December 16, 2006, as he alleges. The final agency decision was, however, dated December 4, 2007, and there is a presumption that it is received within five days. See Exhibit G to defendant's motion to dismiss or, in the alternative, for summary judgment. Defendant's motion had as the ninth genuine issue not in dispute the fact that plaintiff had received the final decision on December 16, 2006, a proposition for which plaintiff's complaint

was cited; that paragraph (nine) is hereby withdrawn by defendant. Given the fact that the argument was not made in defendant's motion that plaintiff actually received the final agency decision prior to December 16, 2006, defendant withdraws the claim of untimeliness as a basis for dismissing this case at this time.

    The final point made in defendant's motion is not addressed by plaintiff. That point was that the narrow claims advanced in the administrative complaint underlying this action are too trivial to form the basis of a claim of discrimination or retaliation, a point that is determinative of the case.

    For the reasons set forth in defendant's dispositive motion and in this reply, defendant's motion should be granted, and this case should be dismissed.

    Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
    /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

I hereby certify that the foregoing reply memorandum in support of the motion to dismiss or, in the alternative, for summary judgment was served by first-class mail, postage prepaid, on August 10, 2007, to:

>Mr. Albert Morton
>1430 W Street, S.E.
>Washington, D.C. 20020

>/s/
>FRED E. HAYNES, DC Bar #165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>202.514.7201

UNITED STATES DISTRICT COURT
WASHINGTON, D.C.

| | |
|---|---|
| ALBERT MORTON, PRO SE ) | |
| PLAINTIFF ) | |
| 1430 W Street, S.E. ) | |
| Washington, D.C. 20020 ) | |
| (202) 889-4714 ) | |
| ) | Civil Action No.: |
| -V- ) | |
| ) | |
| EEOC Ref. No.: 01 A60657 ) | |
| ) | |
| CARLOS M. GUITEREZ, SECRETARY, ) | |
| U.S. DEPARTMENT OF COMMERCE, ) | |
| DEFENDANT ) | |
| 1401 Constitution Avenue, N.W. ) | |
| Washington, D.C. 20230 ) | |

## INTRODUCTION

Pursuant to Rules 8a), 12 (b) (1) and 12 (b) (3), 13(i) and 42 (b) of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff, Albert Morton, Pro-Se, respectfully, is filing a Civil EEOC case against the defendant, U.S. Department of Commerce and Carlos M. Guiterez, Secretary. This EEOC case is being filed due to the fact that the Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was subjected to Age and Race Discrimination and Reprisals for filing former EEOC complaints against the Defendant. Plaintiff brings this complaint under Title VII of the Act

RECEIVED MAR 2 6 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

RECEIVED MAR 15 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

EXHIBIT A